UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          :
                                  :
            v.                    :    CASE NO. 94-220-CR-T-24(A)
                                  :
GARY BEASLEY,                     :
a/k/a "WIDEGLIDE";                :
                                  :
FRED JOSEPH BRUNET,               :
a/k/a "FREDDY";                   :
                                  :
VERNON FOSTER,                    :
a/k/a "VERN";                     :
                                  :
SERGEY GUTMANS,                   :
a/k/a "TOBY";                     :
                                  :
BRUCE WAYNE HARRISON,             :
a/k/a "HOPPER",                   :
a/k/a "GRASSHOPPER",              :
a/k/a "LOOSE BRUCE";              :
                                  :
THEODORE KEFALAS,                 :
a/k/a "GREEK";                    :
                                  :
STEVEN LANK,                      :
a/k/a "UGLY";                     :
                                  :
MARK M. ROSS,                     :
a/k/a "JAZZO",                    :
a/k/a "ZOOM";                     :
                                  :
EDGAR CURTIS RUOF,                :
a/k/a JAMES BARNES,               :
a/k/a "TROLL";                    :
                                  :
CHARLES SCHWARZ,                  :
a/k/a "TATTOO";                   :
                                  :
JOSEPH SORSBY,                    :
a/k/a "SQUIRREL";                 :
                                  :
JEFFERY HAL SPRINKLE,             :
a/k/a "BIG JEFF";                 :
                                  :
RONALD CARL WESTENDORF,           :
a/k/a RONALD LEE WEST,            :
a/k/a "RICOCHET";                 :

463.

CHARLES WILSON,                              :
a/k/a "CHIP";                               :
                                            :
ROBERT EDWARD WURTZBURGER,                   :
a/k/a "DUCK";                               :
                                            :
WILLIAM ZUSCHIN,                            :
a/k/a "WILD BILL",                          :
a/k/a "JAB";                                :
                                            :
ROBERT GEORGE GUNTHER,                       :
a/k/a "BRODA";                              :
                                            :
LOUIS MALIN MUSHER,                         :
a/k/a "LOUIS";                              :
                                            :
STEVEN JEROME HILTON,                        :
a/k/a "STEVO"; and                          :
                                            :
STEPHEN BENNINGTON LEMUNYON,                 :
a/k/a "DK."                                 :

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE

### I. Introduction

1.    At all times material to this Indictment:

       a.    The Outlaws Motorcycle Club was a nationwide
organization consisting of regional and local units.  The most
local unit was the chapter.  Florida contained six chapters
located in six separate cities: Tampa, St. Petersburg, Orlando,
Jacksonville, Daytona Beach, and Fort Lauderdale.

       b.    The Outlaws Motorcycle Club, and its Tampa,
St. Petersburg, and Daytona Beach chapters, constituted an
"enterprise" as defined by Title 18, United States Code, Section
1961(4); that is, a group of individuals associated in fact which

2

engaged in and the activities of which affected interstate and foreign commerce.  The enterprise is hereinafter referred to as the "Outlaws Motorcycle Club."

      c.    Each chapter of the Outlaws Motorcycle Club had officers consisting of a president, vice president, treasurer, and enforcer.

      d.    The enforcer for each chapter was required to participate in and conduct acts of violence as directed by the president of the local chapter.

      e.    Membership in the Outlaws Motorcycle Club required the payment of dues by members to the local chapter, which would in turn forward a portion of dues collected from members to the national organization of the Outlaws Motorcycle Club.

      f.    Local or chapter meetings were called "church." Only fully-patched members of the Outlaws Motorcycle Club were allowed to attend "church."

      g.    There were three stages of membership in the Outlaws Motorcycle Club: hangerons or associates, probates or pledges, and patch members.

      h.    Probates or pledges were required to do whatever patch members required, including being physically assaulted by patch members.

      i.    The colors or vestments of membership in the Outlaws Motorcycle Club included leather or denim vests with

"rockers" of the chapter and club membership information surrounding the "patch" or emblem of the club (a skull and cross pistons).

   j. The Outlaws Motorcycle Club would "patch" as property women who the defendants regarded as the personal property of the Outlaws Motorcycle Club.  The vestment would read "Property of Outlaws", and "patched" women could be traded for other property.

   k. Membership in the Outlaws Motorcycle Club was limited to white males.

   l. A requirement for membership in the Outlaws Motorcycle Club required the member to own a Harley Davidson motorcycle.

   m. All members of the Outlaws Motorcycle Club were required to go on "runs"; that is, to travel by motorcycle with other members to various locations throughout the United States as directed by the Outlaws Motorcycle Club.

   n. The Tampa Chapter of the Outlaws Motorcycle Club (hereinafter "The Tampa Chapter") was the local chapter of the nationwide Outlaws Motorcycle Club, covering the Tampa, Hillsborough County, Florida, area.  The chapter was housed from on or about 1977 to date in a clubhouse located at 1105 East 93rd Avenue, Tampa, Hillsborough County, in the Middle District of Florida.  The chapter has elected officers and formal membership categories indicated by wearing certain apparel ("colors") and emblems ("patches").

4

o.   The St. Petersburg Chapter of the Outlaws
Motorcycle Club (hereinafter "The St. Petersburg Chapter") was a
local chapter of the nationwide Outlaws Motorcycle Club, covering
the St. Petersburg, Pinellas County, Florida, area.   The chapter
was housed from on or about 1992 to date in a clubhouse located
at 4305 18th Avenue South Street, St. Petersburg, Pinellas
County, Florida, in the Middle District of Florida.   The St.
Petersburg Chapter has elected officers and formal membership
categories indicated by wearing certain apparel ("colors") and
emblems ("patches").

p.   The Daytona Beach Chapter of the Outlaws
Motorcycle Club (hereinafter "The Daytona Beach Chapter") was a
local chapter of the nationwide Outlaws Motorcycle Club, covering
the Daytona Beach, Volusia County, Florida, area.   The chapter
was housed in or about 1992 to date in a clubhouse located at 11
North Peninsula Avenue, Daytona Beach, Volusia County, Florida,
in the Middle District of Florida.   The Daytona Beach Chapter has
elected officers and formal membership categories indicated by
wearing certain apparel ("colors") and emblems ("patches").

q.   The following defendants were members or
associates of the Outlaws Motorcycle Club:

(1)   Defendant BRUCE WAYNE HARRISON, a/k/a
"HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE", was at one
time the Tampa Chapter President of the Outlaws Motorcycle Club,
as a member.

(2)   Defendant JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF", was a member and at one time the vice president of the Tampa Chapter of the Outlaws Motorcycle Club.

(3)   Defendant WILLIAM ZUSCHIN, a/k/a "WILD BILL", a/k/a "JAB", was an associate of the Tampa Chapter of the Outlaws Motorcycle Club.

(4)   Defendant CHARLES SCHWARZ, a/k/a "TATTOO", was a member of the St. Petersburg Chapter of the Outlaws Motorcycle Club.

(5)   Defendant RONALD CARL WESTENDORF, a/k/a RONALD LEE WEST, a/k/a "RICOCHET", was a member and past enforcer of the Tampa Chapter of the Outlaws Motorcycle Club.

(6)   Defendant MARK M. ROSS, a/k/a "JAZZO", a/k/a "ZOOM", was a member of the Tampa and Daytona Beach Chapters of the Outlaws Motorcycle Club.

(7)   Defendant ROBERT EDWARD WURTZBURGER, a/k/a "DUCK", was a member of the St. Petersburg Chapter of the Outlaws Motorcycle Club.

(8)   Defendant SERGEY GUTMANS, a/k/a "TOBY", was an associate of the members of the Tampa Chapter of the Outlaws Motorcycle Club.

(9)   Defendant EDGAR CURTIS RUOF, a/k/a JAMES BARNES, a/k/a "TROLL", was a member of the Charlotte, North Carolina, Chapter of the Outlaws Motorcycle Club who transferred to the Tampa Chapter and became its president.

6

(10)  Defendant FRED JOSEPH BRUNET, a/k/a "FREDDY", was a member of the Tampa Chapter of the Outlaws Motorcycle Club.

(11)  Defendant THEODORE KEFALAS, a/k/a "GREEK", was a member of the Tampa Chapter of the Outlaws Motorcycle Club.

(12)  Defendant JOSEPH SORSBY, a/k/a "SQUIRREL", was a member of several chapters of the Outlaws Motorcycle Club.

(13)  Defendant STEVEN LANK, a/k/a "UGLY", was the President of the St. Petersburg Chapter of the Outlaws Motorcycle Club.

(14)  Defendant VERNON FOSTER, a/k/a "VERN", was an associate of the Tampa Chapter of the Outlaws Motorcycle Club.

(15)  Defendant STEPHEN BENNINGTON LEMUNYON, a/k/a "DK", was a member and President of the Daytona Beach Chapter of the Outlaws Motorcycle Club.

(16)  Defendant LOUIS MALIN MUSHER, a/k/a "LOUIS", was a member of the Daytona Beach Chapter of the Outlaws Motorcycle Club.

(17)  Defendant STEVEN JEROME HILTON, a/k/a "STEVO", was a member of the Daytona Beach Chapter of the Outlaws Motorcycle Club.

(18)  Defendant ROBERT GEORGE GUNTHER, a/k/a "BRODA", was a member of the Daytona Beach Chapter of the Outlaws Motorcycle Club.

## II.  **Means and Methods**

2.  To accomplish some of the purposes of the enterprise and the conspiracy, the defendants and others known and unknown

to the grand jury, used, among others, the following means and methods:

a.    Acts involving murder, in violation of Sections 782.04, 777.04, and 777.011, Florida Statutes; Section 16-5-1, Georgia Statutes; and Section 14-17, North Carolina General Statutes.  These acts involving murder included the murder of rival gang members.

b.    Acts involving robbery, kidnapping, arson, and extortion in violation of Sections 812.13, 787.01, 806.01, and 836.05, Florida Statutes.

c.    Acts involving the felonious dealing in controlled substances and dangerous drugs, including marihuana, cocaine, methamphetamine, and xanax, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

d.    Acts of travel in, and the use of facilities in, interstate commerce with intent to distribute the proceeds of, and with intent to promote, manage, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activities; to wit: a business enterprise involving controlled substances, indictable under Title 18, United States Code, Section 1952(a).

e.    Acts involving the use of threats, intimidation, and physical force against individuals with the intent to hinder, delay, and prevent the communication to a law enforcement officer of information related to the commission and probable commission

8

of a federal offense, indictable under Title 18, United States Code, Section 1512.

3.   It was further part of the conspiracy that the defendants and others known and unknown to the grand jury would possess, transport, and use firearms and other deadly weapons, to wit, knives, and use violence and threats of violence to promote and conduct the affairs of the enterprise.

4.   It was further part of the conspiracy that the defendants would transfer, sell, or dispose of firearms to persons the defendants knew and had reasonable cause to believe were convicted felons; that is, persons who had been convicted of a crime punishable by imprisonment for a term exceeding one year.

5.   It was further part of the conspiracy that the defendants would transfer, sell, or dispose of firearms to persons knowing that the firearms would be used by the purchaser to commit drug trafficking crimes, in violation of Title 21, United States Code.

6.   It was further part of the conspiracy that the defendants would commit acts designed to intimidate owners, managers, and patrons of bars in which members of the Outlaws Motorcycle Club would frequent.

7.   It was further part of the conspiracy that the defendants would assert that particular bars and geographic locations belonged to the Outlaws Motorcycle Club.

8.    It was further part of the conspiracy that the defendants would attempt to silence and prevent the testimony of witnesses against them by intimidation that included the delivery of "Outlaws" business cards to witnesses.

9.    It was further part of the conspiracy that one of the purposes of the enterprise was to make money from the distribution and otherwise dealing in controlled substances or other illegal activities.

10.    It was further part of the conspiracy that the defendants would assert that the State of Florida was the territory of the Outlaws Motorcycle Club and no other motorcycle clubs or organizations could operate or display "colors" without the consent of the Outlaws Motorcycle Club.

11.    It was further part of the conspiracy that the defendants would commit acts of violence, intimidation, and threats against rival motorcycle gang members.

12.    It was further part of the conspiracy that the defendants would have members of the Outlaws Motorcycle Club who did not have felony convictions purchase and possess firearms for use by all of the defendants.

13.    It was further part of the conspiracy that the defendants would use and threaten the use of explosive devices to assist the enterprise.

14.    It was further part of the conspiracy that the defendants would steal motorcycles and dismantle the motorcycles for parts to be utilized by the enterprise.

10

### III.  **The RICO Conspiracy Violation**

15.   From in or about 1970, the exact date being unknown to the grand jury, and continuing until in or about February 1995, in the Middle District of Florida and elsewhere, the defendants,

FRED JOSEPH BRUNET, a/k/a "FREDDY";
VERNON FOSTER, a/k/a "VERN";
ROBERT GEORGE GUNTHER, a/k/a "BRODA";
SERGEY GUTMANS, a/k/a "TOBY";
BRUCE WAYNE HARRISON, a/k/a, "HOPPER",
a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
STEVEN JEROME HILTON, a/k/a "STEVO";
THEODORE KEFALAS, a/k/a "GREEK";
STEVEN LANK, a/k/a "UGLY";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
LOUIS MALIN MUSHER, a/k/a "LOUIS";
MARK M. ROSS, a/k/a "JAZZO", a/k/a "ZOOM";
EDGAR CURTIS RUOF, a/k/a JAMES BARNES,
a/k/a "TROLL";
CHARLES SCHWARZ, a/k/a "TATTOO";
JOSEPH SORSBY, a/k/a "SQUIRREL", a/k/a "SQUIRREL";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",
RONALD CARL WESTENDORF, a/k/a RONALD LEE WEST,
a/k/a "RICOCHET";
ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
and
WILLIAM ZUSCHIN, a/k/a "WILD BILL", a/k/a "JAB,

being persons employed by and associated with the enterprise described in section I of this count; that is, the Outlaws Motorcycle Club, knowingly, willfully, and unlawfully did combine, conspire, confederate, and agree together and with each other and with others, both known and unknown to the grand jury, to commit an offense against the United States; to wit: to violate Title 18, United States Code, Section 1962(c); that is, to conduct and participate, directly and indirectly, in the

11

conduct of the affairs of the enterprise, which was engaged in and the activities of which affected interstate and foreign commerce, through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5).

16.  It was further part of the conspiracy that each defendant agreed that at least two acts of racketeering activity would be committed in the conduct of the affairs of the enterprise.

17.  It was part of the conspiracy that the defendants and the co-conspirators agreed to conduct the affairs of the enterprise through a pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and (5), consisting of Racketeering Acts Number 1 through 51 as described in the following paragraphs:

### IV.  **Racketeering Acts**

#### **Racketeering Act #1**

On or about December 28, 1970, in Butts County, in the Middle District of Georgia, the defendant,

JOSEPH SORSBY, a/k/a "SQUIRREL",

did unlawfully and with malice aforethought, either express or implied, cause the death of another human being; to wit: George Bruce Gwynn, in violation of Section 16-5-1, Official Code of Georgia Annotated.

#### **Racketeering Act #2**

On or about October 26, 1975, in Mecklenburg County, in the Western District of North Carolina, the defendant,

12

EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL",

did feloniously, willfully, and of malice aforethought, kill and

murder Roger Dale Bartee, a human being, in violation of Section

14-17, North Carolina General Statutes.

### Racketeering Act #3

During and between December 1988 and April 1989, at Tampa,

in the Middle District of Florida, the defendant,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did verbally and maliciously threaten an injury to the person

of a female individual, with intent to extort money and any

pecuniary advantage and with intent to compel her to commit

acts against her will, in violation of Section 836.05, Florida

Statutes.

### Racketeering Act #4

On or about March 28, 1991, in Pinellas County, in the

Middle District of Florida, the defendant,

THEODORE KEFALAS, a/k/a "GREEK",

did knowingly, willfully, and without lawful authority forcibly

and secretly kidnap a female individual with intent to cause her

to be secretly confined and imprisoned in Florida against her

will, in violation of Sections 805.01, Florida Statutes.

### Racketeering Act #5

During and between March 7, 1992, and March 25, 1992, at

Daytona Beach, in the Middle District of Florida, the defendant,

MARK M. ROSS, a/k/a "JAZZO", a/k/a "ZOOM",

did verbally and maliciously threaten an injury to the person

13

of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

### Racketeering Act #6

During and between April 1992 and June 1992, at Daytona Beach and Jacksonville, in the Middle District of Florida, the defendant,

MARK M. ROSS, a/k/a "JAZZO", a/k/a "ZOOM",

did verbally and maliciously threaten an injury to the person of a female individual, with intent to extort money and any pecuniary advantage and with intent to compel her to commit acts against her will, in violation of Section 836.05, Florida Statutes.

### Racketeering Act #7

On or about June 30, 1992, at Tampa, in the Middle District of Florida, the defendant,

CHARLES SCHWARZ, a/k/a "TATTOO",

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

14

### Racketeering Act #8

On or about July 21, 1992, at Tampa, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON, a/k/a "HOPPER",
a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
and
RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did verbally and maliciously threaten and cause to be threatened an injury to the person of a female individual, with intent to compel her to do any act or refrain from doing any act against her will, in violation of Section 836.05, Florida Statutes.

### Racketeering Act #9

On or about August 29, 1992, at Tampa, in the Middle District of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did unlawfully, willfully, and with premeditation attempt to murder and kill a human being, with a premeditated design to effect his death, in violation of Sections 777.04 and 782.04, Florida Statutes.

### Racketeering Act #10

On or about September 15, 1992, at Tampa, in the Middle District of Florida, the defendant,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE",

did knowingly use intimidation and physical force, and threaten a male individual, and attempt to do so, with intent to hinder, delay, and prevent the communication to a law enforcement officer

15

of information related to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

### Racketeering Act #11

The defendant named below committed the following acts any one of which alone constitutes the commission of Racketeering Act #11:

a.    On or about September 15, 1992, at Tampa, in the Middle District of Florida, the defendant,

CHARLES SCHWARZ, a/k/a "TATTOO",

did knowingly use intimidation and physical force, and threaten a male individual, and attempt to do so, with intent to hinder, delay, and prevent the communication to a law enforcement officer of information related to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

b.    On or about October 2, 1992, at Tampa, in the Middle District of Florida, the defendant,

CHARLES SCHWARZ, a/k/a "TATTOO",

did knowingly use intimidation and physical force, and threaten a male individual, and attempt to do so, with intent to hinder, delay, and prevent the communication to a law enforcement officer of information related to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

16

c. On or about October 22, 1992, at St. Petersburg, in the Middle District of Florida, the defendant,

CHARLES SCHWARZ, a/k/a "TATTOO",

did knowingly use intimidation and physical force, and threaten two male individuals, and attempt to do so, with intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States, of information related to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3).

### Racketeering Act #12

The defendants named below committed the following acts any one of which alone constitutes the commission of Racketeering Act #12:

a. On or about December 2, 1992, at St. Petersburg, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON, a/k/a "HOPPER",
a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
and
CHARLES SCHWARZ, a/k/a "TATTOO",

did verbally and maliciously threaten and cause to be threatened an injury to the person of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

17

b.   On or about December 2, 1992, at St. Petersburg, in the Middle District of Florida, the defendants,

> BRUCE WAYNE HARRISON, a/k/a "HOPPER",
> a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
> ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
> and
> CHARLES SCHWARZ, a/k/a "TATTOO",

did verbally and maliciously threaten and caused to be threatened an injury to the person of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

## Racketeering Act #13

On or about January 7, 1993, at Tampa, in the Middle District of Florida, the defendant,

> RONALD CARL WESTENDORF,
> a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

verbally and maliciously threaten injury to the person of a female individual with the intent to extort money from her and with the intent to compel her to commit acts of prostitution against her will, in violation of Section 836.05, Florida Statutes.

## Racketeering Act #14

On or about January 22, 1993, at Tampa, in the Middle District of Florida, the defendant,

> RONALD CARL WESTENDORF,
> a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a

18

schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #15

On or about February 2, 1993, at Sarasota, in the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally distribute approximately one kilogram of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #16

On or about February 19, 1993, at Sarasota, in the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally distribute approximately one kilogram of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #17

The defendant named below committed the following acts any one of which alone constitutes the commission of Racketeering Act #17:

a.   On or about February 25, 1993, at Clearwater, in the Middle District of Florida, the defendant,

JOSEPH SORSBY, a/k/a "SQUIRREL",

did verbally and maliciously threaten an injury to the person

19

of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

     b.   On or about February 25, 1993, at Clearwater, in the Middle District of Florida, the defendant,

JOSEPH SORSBY, a/k/a "SQUIRREL",

did verbally and maliciously threaten an injury to the person of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

     c.   On or about February 25, 1993, at Clearwater, in the Middle District of Florida, the defendant,

JOSEPH SORSBY, a/k/a "SQUIRREL",

did verbally and maliciously threaten an injury to the person of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

<b><u>Racketeering Act #18</u></b>

On or about March 19, 1993, at Sarasota, in the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally distribute approximately one kilogram of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

20

### Racketeering Act #19

On or about April 7, 1993, at Sarasota, in the Middle
District of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute approximately one
kilogram of a mixture or substance containing a detectable amount
of cocaine, a schedule II controlled substance, in violation of
Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #20

On or about April 21, 1993, at Tampa, in the Middle District
of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute a controlled sub-
stance; that is, a quantity of methamphetamine, a schedule II
controlled substance, in violation of Title 21, United States
Code, Section 841(a)(1).

### Racketeering Act #21

On or about May 6, 1993, at Sarasota, in the Middle District
of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute approximately one
kilogram of a mixture or substance containing a detectable amount
of cocaine, a schedule II controlled substance, in violation of
Title 21, United States Code, Section 841(a)(1).

21

### Racketeering Act #22

On or about May 10, 1993, at Tampa, in the Middle District of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute a controlled substance; that is, a quantity of methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #23

In or about May 1993 at Tampa, in the Middle District of Florida, the defendant,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did knowingly and willfully take money or other property from the person or custody of another, with the intent to permanently or temporarily deprive the person or owner of the money or property, and did use in the course of such taking, force, violence, assault, or putting in fear, in violation of Section 812.13, Florida Statutes.

### Racketeering Act #24

On or about June 11, 1993, at Tampa, in the Middle District Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did unlawfully, willfully, and with premeditation attempt to murder and kill a human being, with a premeditated design to

22

or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

## Racketeering Act #26

On or about August 12, 1993, at Tampa, in the Middle District of Florida, the defendant,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did knowingly and intentionally distribute and aid in the distribution of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Racketeering Act #27

On or about October 6, 1993, at Sarasota, in the Middle District of Florida, the defendants,

FRED JOSEPH BRUNET, a/k/a "FREDDY";
and
SERGEY GUTMANS, a/k/a "TOBY",

did knowingly and intentionally distribute approximately one kilogram of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Racketeering Act #28

On or about October 19, 1993, at Tampa, in the Middle District of Florida, the defendant,

WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of cocaine,

24

a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #29

On or about October 22, 1993, at Tampa, in the Middle District of Florida, the defendant,

> WILLIAM ZUSCHIN,
> a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a  schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #30

On or about October 22, 1993, at Sarasota, in the Middle District of Florida, the defendants,

> FRED JOSEPH BRUNET, a/k/a "FREDDY";
> and
> SERGEY GUTMANS, a/k/a "TOBY",

did knowingly and intentionally distribute approximately two kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #31

On or about October 29, 1993, at Tampa, in the Middle District of Florida, the defendant,

> ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did knowingly and intentionally distribute a controlled sub-stance, that is, a quantity of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled sub-

25

stance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #32

On or about November 12, 1993, at Daytona Beach, in the Middle District of Florida, the defendants,

STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
and
MARK M. ROSS,
a/k/a "JAZZO", a/k/a "ZOOM",

did verbally and maliciously threaten an injury to the person of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

### Racketeering Act #33

On or about November 13, 1993, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
and
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally possess with intent to distribute approximately 1200 pounds of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

26

### Racketeering Act #34

On or about December 9, 1993, at Sarasota, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
and
WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally distribute approximately two kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Racketeering Act #35

On or about December 15, 1993, at Tampa, in the Middle District of Florida and elsewhere, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
and
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, to murder and unlawfully kill a human being, with a premeditated design to effect his death, in violation of Sections 777.04(3) and 782.04, Florida Statutes.

### Racketeering Act #36

On or about January 6, 1994, at Ormond By the Sea, in the Middle District of Florida, the defendants,

ROBERT GEORGE GUNTHER, a/k/a "BRODA";
and
LOUIS MALIN MUSHER, a/k/a "LOUIS",

27

did verbally and maliciously threaten and cause to be threatened

an injury to the person of a male individual, with intent to

compel him to do any act or refrain from doing any act against

his will, in violation of Section 836.05, Florida Statutes.

### Racketeering Act #37

On or about January 22, 1994, at Lakeland, in the Middle

District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
FRED JOSEPH BRUNET, a/k/a "FREDDY";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
and
MARK M. ROSS,
a/k/a "JAZZO", a/k/a "ZOOM",

did knowingly and intentionally possess with intent to distribute

approximately 300 kilograms of a mixture or substance containing

a detectable amount of cocaine, a schedule II controlled sub-

stance, in violation of Title 21, United States Code, Section

841(a)(1).

### Racketeering Act #38

On or about February 4, 1994, at Sarasota, in the Middle

District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
and
THEODORE KEFALAS, a/k/a "GREEK",

did knowingly and intentionally distribute approximately two

kilograms of a mixture or substance containing a detectable

amount of cocaine, a schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1).

28

### Racketeering Act #39

The defendants named below committed the following acts any one of which alone constitutes the commission of Racketeering Act #39:

a.   On or about March 19, 1994, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,<br>
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";<br>
FRED JOSEPH BRUNET, a/k/a "FREDDY";<br>
VERNON FOSTER, a/k/a "VERN";<br>
STEVEN LANK, a/k/a "UGLY";<br>
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";<br>
EDGAR CURTIS RUOF,<br>
a/k/a JAMES BARNES, a/k/a "TROLL";<br>
and<br>
WILLIAM ZUSCHIN,<br>
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally possess with intent to distribute approximately 587 kilograms, of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

b.   On or about March 19, 1994, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,<br>
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";<br>
FRED JOSEPH BRUNET, a/k/a "FREDDY";<br>
VERNON FOSTER, a/k/a "VERN";<br>
STEVEN LANK, a/k/a "UGLY";<br>
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";<br>
EDGAR CURTIS RUOF,<br>
a/k/a JAMES BARNES, a/k/a "TROLL";<br>
and<br>
WILLIAM ZUSCHIN,<br>
a/k/a "WILD BILL", a/k/a "JAB",

29

did knowingly and intentionally possess with intent to distribute approximately 1000 pounds of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled sub-stance, in violation of Title 21, United States Code, Section 841(a)(1).

## Racketeering Act #40

On or about August 31, 1994, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL";
and
FRED JOSEPH BRUNET, a/k/a "FREDDY",

did knowingly and intentionally possess with intent to distribute approximately 1500 pounds of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled sub-stance, in violation of Title 21, United States Code, Section 841(a)(1).

## Racketeering Act #41

During and between January and August 1994, in the Middle District of Florida and elsewhere, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally combine, conspire, confederate, and agree with another person to murder and unlawfully kill a human being, with a premeditated design to effect his death, in violation of Sections 777.04(3) and 782.04, Florida Statutes.

### Racketeering Act #42

During and between 1980 and November 1994 in the Middle
District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did verbally and maliciously threaten injury to the person of a
female individual with the intent to extort money from her and
with the intent to compel her to commit any act against her will,
in violation of Section 836.05, Florida Statutes.

### Racketeering Act #43

On or about September 28, 1994, at Lakeland, in the Middle
District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
FRED JOSEPH BRUNET, a/k/a "FREDDY";
VERNON FOSTER, a/k/a "VERN";
STEVEN LANK, a/k/a "UGLY";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
and
WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally possess with intent to distribute
approximately 587 kilograms of a mixture or substance containing
a detectable amount of cocaine, a schedule II controlled sub-
stance, in violation of Title 21, United States Code, Section
841(a)(1).

31

### Racketeering Act #44

On or about October 18, 1994, at Orlando, in the Middle District of Florida, the defendants,

STEVEN JEROME HILTON, a/k/a "STEVO";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
and
LOUIS MALIN MUSHER, a/k/a "LOUIS",

did willfully and unlawfully damage or cause to be damaged, by fire or explosion, a structure, the property of another, in violation of Section 806.01, Florida Statutes.

### Racketeering Act #45

During and between November 1994 and February 1995, in the Middle District of Florida and elsewhere, the defendants,

ROBERT GEORGE GUNTHER, a/k/a "BRODA";
STEVEN JEROME HILTON, a/k/a "STEVO";
and
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK",

did knowingly and willfully agree, conspire, combine, and con-federate with each other or another person or persons to cause to be damaged by fire or explosion, a structure, in violation of Sections 777.04 and 806.01, Florida Statutes.

### Racketeering Act #46

On or about December 2, 1994, at Orlando, in the Middle District of Florida, the defendants,

ROBERT GEORGE GUNTHER, a/k/a "BRODA";
STEVEN JEROME HILTON, a/k/a "STEVO";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
and
LOUIS MALIN MUSHER, a/k/a "LOUIS",

did knowingly and willfully take money or other property from the person or custody of individuals of the Fifth Chapter Motorcycle

Club, with the intent to permanently or temporarily deprive the person or owner of the money or property, and did use, in the course of such taking, force, violence, assault, or putting in fear, in violation of Section 812.13, Florida Statutes.

### Racketeering Act #47

On or about December 2, 1994, at Orlando, in the Middle District of Florida, the defendants,

> ROBERT GEORGE GUNTHER, a/k/a "BRODA";
> STEVEN JEROME HILTON, a/k/a "STEVO";
> STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
> and
> LOUIS MALIN MUSHER, a/k/a "LOUIS",

did verbally and maliciously threaten and cause to be threatened an injury to the person of individuals of the Fifth Chapter Motorcycle Club with intent to compel them to do any act or refrain from doing any act against their will, in violation of Section 836.05, Florida Statutes.

### Racketeering Act #48

On or about December 10, 1994, at Daytona Beach, in the Middle District of Florida, the defendant,

> STEPHEN BENNINGTON LEMUNYON, a/k/a "DK",

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

33

## Racketeering Act #49

On or about January 11, 1995, at St. Augustine, in the Middle District of Florida, the defendants,

ROBERT GEORGE GUNTHER, a/k/a "BRODA";
STEVEN JEROME HILTON, a/k/a "STEVO";
and
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK",

did verbally and maliciously threaten and cause to be threatened an injury to the person of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

## Racketeering Act #50

On or about January 15, 1995, at St. Augustine, in the Middle District of Florida, the defendants,

ROBERT GEORGE GUNTHER, a/k/a "BRODA";
STEVEN JEROME HILTON, a/k/a "STEVO";
and
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK",

did verbally and maliciously threaten and cause to be threatened an injury to the person of a male individual, with intent to compel him to do any act or refrain from doing any act against his will, in violation of Section 836.05, Florida Statutes.

## Racketeering Act #51

The defendants named below committed the following acts any one of which alone constitutes the commission of Racketeering Act #51:

a.    From in or about December 1988 through in or about February 1995, in Hillsborough, Pinellas, Polk, Sarasota, and

34

Volusia Counties, in the Middle District of Florida and else-
where, the defendants,

> FRED JOSEPH BRUNET, a/k/a "FREDDY";
> VERNON FOSTER, a/k/a "VERN";
> SERGEY GUTMANS, a/k/a "TOBY";
> BRUCE WAYNE HARRISON,
> a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
> THEODORE KEFALAS, a/k/a "GREEK";
> STEVEN LANK, a/k/a "UGLY";
> STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
> MARK M. ROSS,
> a/k/a "JAZZO", a/k/a "ZOOM";
> EDGAR CURTIS RUOF,
> a/k/a "TROLL", a/k/a "TROLL";
> CHARLES SCHWARZ, a/k/a "TATTOO";
> JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
> RONALD CARL WESTENDORF,
> a/k/a RONALD LEE WEST, a/k/a "RICOCHET";
> ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
> and
> WILLIAM ZUSCHIN,
> a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and willfully combine, conspire, confederate and
agree together and with each other, and with persons both known
and unknown to the grand jury, to possess with intent to
distribute and distribute quantities of cocaine, and
methamphetamine, schedule II controlled substances, and
marihuana, a schedule I controlled substance, contrary to the
provisions of Title 21, United States Code, Section 841(a)(1).

    b.    On or about November 13, 1992, at Tampa, in the Middle
District of Florida, the defendant,

> BRUCE WAYNE HARRISON,
> a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE",

and others, did use, and caused to be used, a facility in inter-
state commerce between Tampa, Florida, and Chicago, Illinois;

to wit: the telephone wires, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and the carrying on of an unlawful activity; to wit: a business enterprise involving controlled substances in violation of the laws of the United States of America forbidding the distribution of controlled substances; that is, Title 21, United States Code, Section 841(a)(1), and thereafter performed acts, and attempted to perform acts, to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Section 1952(a).

     c.    On or about May 18, 1994, at Tampa, Florida, in the Middle District of Florida, the defendant,

EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL",

did travel in interstate commerce; to wit: from the State of Florida to the State of New York, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity; to wit: a business enterprise involving controlled substances, in violation of the laws of the United States of America forbidding the distribution of controlled substances; that is, Title 21, United States Code, Section 841(a)(1), and thereafter performed acts and attempted to perform acts, to promote, manage, establish, carry

36

on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Section 1952(a).

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO

### I.  Introduction

1.     The paragraphs of Sections I, II, and IV of Count One are realleged and incorporated by reference herein.

### II.  Charge

2.     From in or about December 26, 1970, the exact date being unknown to the grand jury, and continuously thereafter to at least in or about February 1995, in the Middle District of Florida, and elsewhere, the defendants,

FRED JOSEPH BRUNET, a/k/a "FREDDY";
VERNON FOSTER, a/k/a "VERN";
ROBERT GEORGE GUNTHER, a/k/a "BRODA";
SERGEY GUTMANS, a/k/a "TOBY";
BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
STEVEN JEROME HILTON, a/k/a "STEVO";
THEODORE KEFALAS, a/k/a "GREEK";
STEVEN LANK, a/k/a "UGLY";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
LOUIS MALIN MUSHER, a/k/a "LOUIS";
MARK M. ROSS,
a/k/a "JAZZO", a/k/a "ZOOM";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL";
CHARLES SCHWARZ, a/k/a "TATTOO";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
JOSEPH SORSBY, a/k/a "SQUIRREL";
RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET";
ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
and
WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

37

and others, being persons employed by and associated with the enterprise, that is the Outlaws Motorcycle Club, as described in paragraph 1, Section I, Count One, and which was engaged in and the activities of which affected interstate and foreign commerce, knowingly, willfully, and unlawfully did conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity; to wit: the commission of the racketeering acts set forth in Count One of this Indictment and described as Racketeering Acts #1 through #51.

All in violation of Title 18, United States Code, Section 1962(c).

### COUNT THREE

From on or about 1988 through in or about February 1995, in Hillsborough, Pinellas, Polk, Sarasota, and Volusia Counties, in the Middle District of Florida and elsewhere, the defendants,

GARY BEASLEY, a/k/a "WIDEGLIDE";
FRED JOSEPH BRUNET, a/k/a "FREDDY";
VERNON FOSTER, a/k/a "VERN";
SERGEY GUTMANS, a/k/a "TOBY";
BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
THEODORE KEFALAS, a/k/a "GREEK";
STEVEN LANK, a/k/a "UGLY";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
MARK M. ROSS,
a/k/a "JAZZO", a/k/a "ZOOM";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL";
CHARLES SCHWARZ, a/k/a "TATTOO";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET";
CHARLES WILSON, a/k/a "CHIP";
ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
and

38

WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and willfully combine, conspire, confederate, and

agree together and with each other, and with persons both known

and unknown to the grand jury, to possess with intent to

distribute and distribute quantities of cocaine, and

methamphetamine, schedule II controlled substances, and

marihuana, a schedule I controlled substance, contrary to the

provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section
846.

## COUNT FOUR

On or about June 30, 1992, at St. Petersburg, in the Middle
District of Florida, the defendant,

CHARLES SCHWARZ, a/k/a "TATTOO",

did knowingly and intentionally distribute a quantity of a

mixture or substance containing a detectable amount of marihuana,

a schedule I controlled substance.

In violation of Title 21, United States Code, Section
841(a)(1).

## COUNT FIVE

On or about January 22, 1993, at Tampa, in the Middle
District of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

39

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about February 2, 1993, at Sarasota, in the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally distribute approximately one kilogram of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

On or about February 19, 1993, at Sarasota, in the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally distribute approximately one kilogram of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

40

### COUNT EIGHT

On or about March 19, 1993, at Sarasota, in the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally distribute approximately one kilogram of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT NINE

On or about March 19, 1993, at Sarasota, in the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did unlawfully transfer a firearm; that is, a machine gun; specifically, two 9mm MAC-10 fully-automatic assault pistols with no serial numbers and two .380 caliber MAC-11 fully automatic assault pistols with no serial numbers, which firearms had not been registered to defendant Sprinkle with the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Section 5841(b).

All in violation of Title 26, United States Code, Section 5861(e).

### COUNT TEN

On or about April 7, 1993, at Sarasota, in the Middle District of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

41

did knowingly and intentionally distribute approximately one
kilogram of a mixture or substance containing a detectable amount
of cocaine, a schedule II controlled substance.

    In violation of Title 21, United States Code, Section
841(a)(1).

### COUNT ELEVEN

    On or about April 21, 1993, at Tampa, in the Middle District
of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute a quantity of
methamphetamine, a schedule II controlled substance.

    In violation of Title 21, United States Code, Section
841(a)(1).

### COUNT TWELVE

    On or about May 6, 1993, at Sarasota, in the Middle District
of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute approximately one
kilogram of a mixture or substance containing a detectable amount
of cocaine, a schedule II controlled substance.

    In violation of Title 21, United States Code, Section
841(a)(1).

42

## COUNT THIRTEEN

On or about May 10, 1993, at Tampa, in the Middle District of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

did knowingly and intentionally distribute a quantity of methamphetamine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOURTEEN

On or about May 11, 1993, at Tampa, in the Middle District of Florida, the defendant,

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET",

the defendant herein, having been convicted on or about April 30, 1990, in the Circuit Court for Hillsborough County, Florida, in Case Number 90-4660, of the crime of felon in possession of a firearm, and in Case Number 89-10884, of the crime of carrying a concealed firearm, crimes punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm; that is, a .22 Mossberg bolt action rifle, serial number 9796.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

43

## COUNT FIFTEEN

On or about May 27, 1993, at Tampa, in the Middle District of Florida,

FRED JOSEPH BRUNET, a/k/a "FREDDY",

the defendant herein, having been convicted on or about February 28, 1973, in the Court for Jefferson Parish, Louisiana, in Case Number 72-384, of robbery, a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm; that is, a .357 caliber Ruger revolver, serial number 159-33365.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT SIXTEEN

On or about June 8, 1993, at St. Petersburg, in the Middle District of Florida, the defendant,

STEVEN LANK, a/k/a "UGLY";

did knowingly and unlawfully make and caused to be made a firearm as defined by Title 26, United States Code, Section 5845(a), in violation of the provisions of Chapter 53, Title 26, United States Code; that is, a Winchester 20-gauge, single-shot, short-barrel shotgun, model 37A, serial number C712502; and a Companhia Brasileira De Cartuchos 20-gauge, single-shot, short-barrel shot-gun, serial number 670797.

All in violation of Title 26, United States Code, Section 5861(f), and Title 18, United States Code, Section 2.

44

### COUNT SEVENTEEN

On or about June 16, 1993, at St. Petersburg, in the Middle District of Florida, the defendant,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a"GRASSHOPPER", a/k/a "LOOSE BRUCE",

knowingly sold and disposed of a firearm; namely, a Springfield Model 67F, 12-gauge shotgun, no serial number; and a Colt .25 semiautomatic caliber pistol, serial number 121228, to a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowing and having reasonable cause to believe that the purchaser of said firearm was a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 922(d)(1), 924(a)(1)(D), and 2.

### COUNT EIGHTEEN

On or about June 16, 1993, at St. Petersburg, in the Middle District of Florida, the defendant,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE",

knowingly transferred a firearm, to wit: a Springfield Model 67F, 12-gauge shotgun, no serial number; and a Colt .25 caliber semi-automatic pistol, serial number 121228, to a person known as "Dirty Dave", knowing that such firearm would be used to commit a

45

drug trafficking crime punishable under the Controlled Substances Act (Title 21, United States Code, Section 801 et seq.).

In violation of Title 18, United States Code, Section 924(h).

## COUNT NINETEEN

On or about September 24, 1993, at Tampa, in the Middle District of Florida, the defendant,

WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY

On or about September 24, 1993, at Tampa, in the Middle District of Florida, the defendant,

WILLIAM ZUSCHIN,
a/k/a "WILD BILL," a/k/a "JAB",

did knowingly and willfully use and carry a firearm; namely, a handgun, during and in relation to the commission of a violation of Title 21, United States Code, Section 841, as alleged in Count Nineteen, which allegations the grand jury realleges

and incorporates by reference herein, a drug trafficking crime
for which the defendant may be prosecuted in a court of the
United States;

In violation of Title 18, United States Code, Section
924(c).

### COUNT TWENTY-ONE

On or about October 6, 1993, at Sarasota, in the Middle
District of Florida, the defendants,

FRED JOSEPH BRUNET, a/k/a "FREDDY";
and
SERGEY GUTMANS, a/k/a "TOBY",

did knowingly and intentionally distribute approximately two
kilograms of a mixture or substance containing a detectable
amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section
841(a)(1).

### COUNT TWENTY-TWO

On or about October 22, 1993, at Sarasota, in the Middle
District of Florida, the defendant,

FRED JOSEPH BRUNET, a/k/a "FREDDY";
and
SERGEY GUTMANS, a/k/a "TOBY",

did knowingly and intentionally distribute approximately two
kilograms of a mixture or substance containing a detectable
amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section
841(a)(1).

47

### COUNT TWENTY-THREE

On or about October 22, 1993, in Hillsborough County, in the Middle District of Florida, the defendant,

WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally distribute approximately two kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWENTY-FOUR

On or about October 29, 1993, at St. Petersburg, in the Middle District of Florida, the defendant,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWENTY-FIVE

On or about November 13, 1993, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
and
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally possess with intent to distribute approximately 1200 pounds of a mixture or substance containing

48

a detectable amount of marihuana, a schedule I controlled sub-
stance.

In violation of Title 21, United States Code, Section
841(a)(1), and Title 18, United States Code, Section 2.

### COUNT TWENTY-SIX

On or about November 22, 1993, in Hillsborough County, in
the Middle District of Florida, the defendant,

JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF",

did knowingly and intentionally distribute a quantity of xanax,
a schedule IV controlled substance.

In violation of Title 21, United States Code, Section
841(a)(1).

### COUNT TWENTY-SEVEN

On or about November 22, 1993, at St. Petersburg, in the
Middle District of Florida, the defendant,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did unlawfully transfer a firearm; that is, six .25 caliber
single-shot pen guns with no serial numbers, which firearms had
not been registered in the National Firearms Registration and
Transfer Record, as required by Title 26, United States Code,
Section 5841(b).

All in violation of Title 26, United States Code, Section
5861(e).

49

### COUNT TWENTY-EIGHT

On or about November 23, 1993, at St. Petersburg, in the Middle District of Florida, the defendant,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did unlawfully transfer a firearm; that is, four .25 caliber single-shot pen guns, with no serial number, which firearms had not been registered in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Section 5841(b).

All in violation of Title 26, United States Code, Section 5861(e).

### COUNT TWENTY-NINE

On or about December 9, 1993, at Sarasota, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER" a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

did knowingly and intentionally distribute and cause to be distributed approximately two kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II con-trolled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

50

### COUNT THIRTY

On or about December 10, 1993, at St. Petersburg, in the Middle District of Florida, the defendant,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

did unlawfully transfer a firearm; that is, three .25 caliber single-shot pen guns with no serial number, which firearms had not been registered in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Section 5841(b).

All in violation of Title 26, United States Code, Section 5861(e).

### COUNT THIRTY-ONE

On or about January 6, 1994, at Ormond By the Sea, in the Middle District of Florida,

ROBERT GEORGE GUNTHER, a/k/a "BRODA",

the defendant herein, having been convicted on or about April 24, 1986, in the Circuit Court for Volusia County, Florida, in Case Number 85-2773-CC, of battery on a law enforcement officer, and on or about March 2, 1987, in the Supreme Court of New York County, New York, in Case Number 1741-82, of assault with intent to cause serious injury, of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm; that is, a handgun.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT THIRTY-TWO

On or about January 22, 1994, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
FRED JOSEPH BRUNET, a/k/a "FREDDY";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
and
MARK M. ROSS, a/k/a "JAZZO", a/k/a "ZOOM",

did knowingly and intentionally possess with intent to distribute approximately 300 kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THIRTY-THREE

On or about February 4, 1994, at Sarasota, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
and
THEODORE KEFALAS, a/k/a " "GREEK",

did knowingly and intentionally distribute and cause to be distributed approximately two kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THIRTY-FOUR

On or about March 19, 1994, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL";
CHARLES WILSON, a/k/a "CHIP";
GARY BEASLEY, a/k/a "WIDEGLIDE";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
FRED JOSEPH BRUNET, a/k/a "FREDDY";
STEVEN LANK, a/k/a "UGLY";
WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",
and
VERNON FOSTER, a/k/a "VERN",

did knowingly and intentionally possess with intent to distribute approximately 587 kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THIRTY-FIVE

On or about March 19, 1994, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL;
CHARLES WILSON, a/k/a "CHIP";
GARY BEASLEY, a/k/a "WIDEGLIDE";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";

```
            FRED JOSEPH BRUNET, a/k/a "FREDDY";
               STEVEN LANK, a/k/a "UGLY";
                   WILLIAM ZUSCHIN,
            a/k/a "WILD BILL", a/k/a "JAB";
                         and
              VERNON FOSTER, a/k/a "VERN",
```

did knowingly and intentionally possess with intent to distribute

approximately 1000 pounds of a mixture or substance containing

a detectable amount of marihuana, a schedule I controlled sub-

stance.

    In violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

### COUNT THIRTY-SIX

    On or about March 19, 1994, at Lakeland, in the Middle

District of Florida, the defendant,

```
                  BRUCE WAYNE HARRISON,
      a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE",
```

did knowingly and willfully use and carry a firearm; namely, a

handgun, during and in relation to the commission of a violation

of Title 21, United States Code, Section 841, as alleged in

Counts Thirty-Four and Thirty-Five, which allegations the grand

jury realleges and incorporates by reference herein, drug

trafficking crimes for which the defendant may be prosecuted in

a court of the United States;

    In violation of Title 18, United States Code, Section

924(c).

54

### COUNT THIRTY-SEVEN

On or about May 16, 1994, at Tampa, in the Middle District
of Florida,

WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",

the defendant herein, having been convicted on or about

January 27, 1987, in the Circuit Court for Pinellas County,

Florida, in Case Number CRC85-13076CFANOB, of possession of

cocaine and trafficking in cocaine, and on or about March 12,

1987, in the Circuit Court for Jefferson County, Florida, in

Case Number 87-001-CF-B, of burglary of a dwelling and aggravated

assault, in the Circuit Court for Jefferson County, Florida, of a

crime punishable by imprisonment for a term exceeding one year,

knowingly did possess in and affecting commerce a firearm; that

is, a Llama .45 caliber semiautomatic pistol, serial number

683827.

In violation of Title 18, United States Code, Sections
922(g) and 924(a)(2).

### COUNT THIRTY-EIGHT

On or about May 18, 1994, in the Middle District of Florida,
the defendant,

EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL",

did travel in interstate commerce from Tampa, in the Middle

District of Florida to the State of New York, with the intent

to promote, manage, establish, carry on, and facilitate the

promotion, management, establishment and carrying on of an

unlawful activity; to wit: a business enterprise involving

55

controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and did thereafter perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate said unlawful activity;

All in violation of Title 18, United States Code, Section 1952(a)(3).

### COUNT THIRTY-NINE

On or about May 27, 1994, at St. Petersburg, in the Middle District of Florida,

ROBERT EDWARD WURTZBURGER, a/k/a "DUCK",

the defendant herein, having been convicted on or about April 20, 1992, in the Circuit Court for Pinellas County, Florida, in Case Number CRC91-19826CFANO-B, of aggravated battery, a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm; that is, a Bryco Arms model 38, .380 caliber semiautomatic pistol, serial number 079431.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

### COUNT FORTY

On or about August 31, 1994, at Lakeland, in the Middle District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";

56

FRED JOSEPH BRUNET, a/k/a "FREDDY";
and
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL",

did knowingly and intentionally possess with intent to distribute
approximately 1000 pounds of a mixture or substance containing
a detectable amount of marihuana, a schedule I controlled sub-
stance.

In violation of Title 21, United States Code, Section
841(a)(1), and Title 18, United States Code, Section 2.

### COUNT FORTY-ONE

On or about August 31, 1994, at Lakeland, in the Middle
District of Florida, the defendant,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE",

did knowingly and willfully use and carry a firearm, namely,
a handgun, during and in relation to the commission of a
violation of Title 21, United States Code, Section 841, as
alleged in Count Forty, which allegations the grand jury
realleges and incorporates by reference herein, a drug traffick-
ing crime for which the defendant may be prosecuted in a court
of the United States.

In violation of Title 18, United States Code, Section
924(c).

### COUNT FORTY-TWO

On or about September 28, 1994, at Lakeland, in the Middle
District of Florida, the defendants,

BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";

57

EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
FRED JOSEPH BRUNET, a/k/a "FREDDY";
STEVEN LANK, a/k/a "UGLY";
WILLIAM ZUSCHIN,
a/k/a "WILD BILL", a/k/a "JAB",
VERNON FOSTER, a/k/a "VERN";

did knowingly and intentionally possess with intent to distribute approximately 587 kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT FORTY-THREE

On or about October 18, 1994, at Orlando, in the Middle District of Florida, the defendants,

STEVEN JEROME HILTON, a/k/a "STEVO";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK"'
and
LOUIS MALIN MUSHER, a/k/a "LOUIS",

did knowingly, willfully, and maliciously damage and destroy and cause to be damaged and destroyed, by means of fire and explosive materials, a building at 5608 4th Street, Orlando, Florida, used in interstate commerce and in any activity affecting interstate commerce.

In violation of Title 18, United States Code, Sections 844(i) and 2.

### COUNT FORTY-FOUR

On or about December 10, 1994, at Daytona Beach, in the Middle District of Florida, the defendant,

58

STEPHEN BENNINGTON LEMUNYON, a/k/a "DK",

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of marihuana, a schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FORTY-FIVE

During and between November 1994 and February 1995, in Brevard, Orange, and Volusia Counties, in the Middle District of Florida, the defendants,

ROBERT GEORGE GUNTHER, a/k/a "BRODA";
STEVEN JEROME HILTON, a/k/a "STEVO";
and
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK",

did knowingly and willfully combine, conspire, confederate, and agree together and with each other, and with persons both known and unknown to the grand jury, to commit an offense against the United States; that is, the malicious damage or destruction by means of fire and explosion, a building used in interstate commerce and in any activity affecting interstate commerce, in violation of Title 18, United States Code, Section 844(i).

### OVERT ACTS

In furtherance of and to effect the objectives of the conspiracy, and to accomplish its purposes and objectives, the following overt acts, among others, were committed by the defendants in the Middle District of Florida:

1.    On or about December 16, 1994, defendant STEVEN JEROME HILTON, a/k/a "STEVO", conducted reconnaissance of the Warlock Clubhouse located in Brevard County, Florida.

2.    On or about December 28, 1994, defendant STEPHEN BENNINGTON LEMUNYON, a/k/a "DK", conducted a surveillance of the Warlock Clubhouse located in Brevard County, Florida.

3.    In or about December 1994, defendants ROBERT GEORGE GUNTHER, a/k/a "BRODA"; STEVEN JEROME HILTON, a/k/a "STEVO"; and STEPHEN BENNINGTON LEMUNYON, a/k/a "DK", assembled an explosive device.

4.    On or about January 13, 1995, defendant STEPHEN BENNINGTON LEMUNYON, a/k/a "DK", travelled to Orlando, obtained plastic explosives, and transported the plastic explosives to Daytona Beach.

All in violation of Title 18, United States Code, Section 371.

### COUNT FORTY-SIX

On or about February 28, 1995, at Daytona Beach, in the Middle District of Florida,

LOUIS MALIN MUSHER,
a/k/a "LOUIS"

did knowingly possess a firearm, that is, a machine gun, as defined in Title 26, U.S.C. § 5845(b), more fully described as a

60

R.P.B. Industries M10 .45 caliber semi-automatic pistol converted to fire automatically more than one shot, without manual reloading, by a single function of the trigger.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

### COUNT FORTY-SEVEN

On or about February 28, 1995, at Daytona Beach, in the Middle District of Florida,

LOUIS MALIN MUSHER,
a/k/a "LOUIS"

did knowingly possess a firearm, as that term is described in Title 26, United States code, Section 5845(a), that is, a silencer, as defined in Title 18, United States Code, Section 921(24), which had not been registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861(d) and 5871.

In violation of Title 18, United States Code, Sections 924(c).

### COUNT FORTY-EIGHT

On or about February 28, 1995, at Daytona Beach, in the Middle District of Florida,

LOUIS MALIN MUSHER,
a/k/a "LOUIS"

the defendant herein, did knowingly possess a firearm, that is, a R.P.B. Industries M10 .45 caliber semi-automatic pistol, which had the manufacturer's serial number removed, obliterated, and

61

altered, and which had, at some time, been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

### COUNT FORTY-NINE

On or about February 28, 1995, at Daytona Beach, in the Middle District of Florida, the defendant,

LOUIS MALIN MUSHER,
a/k/a "LOUIS",

did knowingly and willfully use and carry a firearm, namely, a machine gun, during and in relation to the commission of a violation of Title 18, United States Code, Section 1962(c) and (d), as alleged in Counts One and Two, which allegations the grand jury realleges and incorporates by reference herein, a crime of violence for which the defendant may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c).

### RICO FORFEITURE ALLEGATIONS

1.    The allegations of Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 1963.

2.    Through the aforesaid pattern of racketeering activity, the defendants,

FRED JOSEPH BRUNET, a/k/a "FREDDY";
VERNON FOSTER, a/k/a "VERN";
ROBERT GEORGE GUNTHER, a/k/a "BRODA";

62

SERGEY GUTMANS, a/k/a "TOBY";
BRUCE WAYNE HARRISON,
a/k/a "HOPPER," a/k/a "GRASSHOPPER," a/k/a "LOOSE BRUCE";
STEVEN JEROME HILTON, a/k/a "STEVO";
THEODORE KEFALAS, a/k/a "GREEK";
STEVEN LANK, a/k/a "UGLY";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
LOUIS MALIN MUSHER, a/k/a "LOUIS";
MARK M. ROSS,
a/k/a "JAZZO," a/k/a "ZOOM";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL"
CHARLES SCHWARZ, a/k/a "TATTOO";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
JOSEPH SORSBY, a/k/a "SQUIRREL";
RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET";
ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
and
WILLIAM ZUSCHIN,
a/k/a "WILD BILL," a/k/a "JAB",

have acquired and maintained interests in violation of Title 18,

United States Code, Section 1962, which interests, in whatever

forms, wherever located, and in whatever names held, are there-

fore subject to forfeiture to the United States of America,

pursuant to Title 18, United States Code, Section 1963(a)(1).

3.   Through the aforesaid pattern of racketeering, the

defendants,

FRED JOSEPH BRUNET, a/k/a "FREDDY";
VERNON FOSTER, a/k/a "VERN";
ROBERT GEORGE GUNTHER, a/k/a "BRODA";
SERGEY GUTMANS, a/k/a "TOBY";
BRUCE WAYNE HARRISON,
a/k/a "HOPPER," a/k/a "GRASSHOPPER," a/k/a "LOOSE BRUCE";
STEVEN JEROME HILTON, a/k/a "STEVO";
THEODORE KEFALAS, a/k/a "GREEK";
STEVEN LANK, a/k/a "UGLY";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
LOUIS MALIN MUSHER, a/k/a "LOUIS";
MARK M. ROSS,
a/k/a "JAZZO," a/k/a "ZOOM";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL"
CHARLES SCHWARZ, a/k/a "TATTOO";

63

```
            JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
              JOSEPH SORSBY, a/k/a "SQUIRREL";
                 RONALD CARL WESTENDORF,
       a/k/a RONALD LEE WEST, a/k/a "RICOCHET";
       ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
                         and
                  WILLIAM ZUSCHIN,
           a/k/a "WILD BILL," a/k/a "JAB",
```

have an interest in, security of, claims against, and property

and contractual rights affording a source of influence over the

enterprise named and described herein, which they established,

operated, controlled, conducted, and participated in the conduct

of, in violation of Title 18, United States Code, Section 1962,

which interests, securities, claims, and property and contractual

rights, in whatever names held, in whatever form, wherever

located, are subject to forfeiture to the United States of

America, pursuant to Title 18, United States Code, Section

1963(a)(2).

    4.    Through the aforesaid pattern of racketeering, the

defendants,

```
             FRED JOSEPH BRUNET, a/k/a "FREDDY";
               VERNON FOSTER, a/k/a "VERN";
           ROBERT GEORGE GUNTHER, a/k/a "BRODA";
               SERGEY GUTMANS, a/k/a "TOBY";
                 BRUCE WAYNE HARRISON,
    a/k/a "HOPPER," a/k/a "GRASSHOPPER," a/k/a "LOOSE BRUCE";
            STEVEN JEROME HILTON, a/k/a "STEVO";
             THEODORE KEFALAS, a/k/a "GREEK";
                STEVEN LANK, a/k/a "UGLY";
         STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
            LOUIS MALIN MUSHER, a/k/a "LOUIS";
                     MARK M. ROSS,
               a/k/a "JAZZO," a/k/a "ZOOM";
                  EDGAR CURTIS RUOF,
           a/k/a JAMES BARNES, a/k/a "TROLL"
            CHARLES SCHWARZ, a/k/a "TATTOO";
          JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
            JOSEPH SORSBY, a/k/a "SQUIRREL";
                 RONALD CARL WESTENDORF,
```

c.    The property located at the common street address of 11 North Peninsula Drive, Daytona Beach, Volusia County, Florida, and more particularly described as the Easterly 132 feet of the Northerly 1/2 of Lot 5, Block 9, PLAN OF MEMENTO, except the Easterly 10 feet thereof, according to map in Deed Book "O", Page 692, Public Records of Volusia County, Florida, including all land, buildings, fixtures, and chattels known as the Club-house.

6.    If any of the property described above is being subject to forfeiture, as a result of any act or omission of the defendant

   (a)    cannot be located upon the exercise of due diligence;

   (b)    has been transferred or sold to, or deposited with, a third person;

   (c)    has been placed beyond the jurisdiction of the Court;

   (d)    has been substantially diminished in value; or

   (e)    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 1963.

66

## CONTROLLED SUBSTANCES FORFEITURE ALLEGATIONS

1.    The allegations contained in Counts Three through

Eight, Ten through Thirteen, Nineteen, Twenty-One through Twenty-

Six, Twenty-Nine, Thirty-Two through Thirty-Five, Forty, Forty-

Two and Forty-Four of this Indictment are hereby realleged and

incorporated by reference for the purpose of alleging

forfeitures, pursuant to the provisions of Title 21, United

States Code, Section 853.

2.    From their engagement in any and all of the violations

alleged in Counts Three through Eight, Ten through Thirteen,

Nineteen, Twenty-One through Twenty-Six, Twenty-Nine, Thirty-Two

through Thirty-Five, Forty, Forty-Two and Forty-Four of this

Indictment, punishable by imprisonment for more than one year,

which counts are realleged and incorporated as if fully set forth

herein, the defendants,

GARY BEASLEY, a/k/a "WIDEGLIDE";
FRED JOSEPH BRUNET, a/k/a "FREDDY";
VERNON FOSTER, a/k/a "VERN";
SERGEY GUTMANS, a/k/a "TOBY";
BRUCE WAYNE HARRISON,
a/k/a "HOPPER", a/k/a "GRASSHOPPER", a/k/a "LOOSE BRUCE";
THEODORE KEFALAS, a/k/a "GREEK";
STEVEN LANK, a/k/a "UGLY";
STEPHEN BENNINGTON LEMUNYON, a/k/a "DK";
EDGAR CURTIS RUOF,
a/k/a JAMES BARNES, a/k/a "TROLL";
MARK M. ROSS, a/k/a "JAZZO", a/k/a "ZOOM";
CHARLES SCHWARZ, a/k/a "TATTOO";
JEFFERY HAL SPRINKLE, a/k/a "BIG JEFF";
JOSEPH SORSBY, a/k/a "SQUIRREL";

67

RONALD CARL WESTENDORF,
a/k/a RONALD LEE WEST, a/k/a "RICOCHET";
ROBERT EDWARD WURTZBURGER, a/k/a "DUCK";
and
WILLIAM ZUSCHIN,
a/k/a "WILD BILL," a/k/a "JAB",

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a) and (2), all of their interest in:

a. Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations.

b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

68

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A True Bill,

*Merulina R. Terry*

FOREPERSON


CHARLES R. WILSON
United States Attorney


WALTER E. FURR
Assistant United States Attorney


STEPHEN M. KUNZ
Assistant United States Attorney
Deputy Chief, Criminal Division