UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.              CASE NO.: 94-220-CR-24A

BRUCE HARRISON,
    Defendant.

EVIDENTIARY HEARING REQUEST

MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2),
IN LIGHT OF AMENDMENTS 599 AND 782
OF THE U.S.S.G. MADE RETROACTIVE PER § 1B1.10

COMES NOW, Defendant Bruce Harrison (hereinafter "Defendant") pro se respectfully moving this Honorable court to grant the instant motion for reduction of sentence. **Title 18 U.S.C. § 3582(c)(2),** allows a sentenced individual to apply for a reduction of sentence whenever an amendment to the U.S.S.G. is enacted and it's application is made retroactive. Because Amendments 599 and 782 became retroactive on November 1, 2000 and November 1, 2014, pursuant to § 1B1.10 of the Federal Guideline Manual, this Honorable court now has the discretion to grant a sentence reduction in this case.

## FACTS OF THE CASE

On March 31, 1995, a federal grand jury in the Middle District of Florida returned a 49-count second superseding indictment charging Defendant and others with various narcotics and racketeering violations.

Specifically, defendant was charged with conspiracy to commit racketeering (RICO) in violation of **18 U.S.C. § 1962(d)**(Count 1); substantive RICO offenses in violation of **18 U.S.C. 1962(c)**(Count 2); conspiracy to possess cocaine, methamphetamine and marijuana in violation of **21 U.S.C. § 846**(Count 3); transfer of a firearm to a convicted felon in violation **18 U.S.C. § 922(d)(1)**(Count 17); transfer of a firearm knowing it would be used in a drug trafficking crime in violation of **18 U.S.C. § 924(h)**(Count 18); distribution of cocaine in violation of **21 U.S.C. § 941(a)(1)**(Counts 29 and 33); possession with intent to distribute cocaine in violation of **18 U.S.C. § 841(a)(1)**(Counts 32, 34 and 42); possession with intent to distribute marijuana in violation of **21 U.S.C. § 841(a)(1)**(Counts 25, 35 and 40); and using and carrying a firearm during and in relation to drug trafficking crimes in violation of **18 U.S.C. § 924(c)**(Counts 36 and 41).

Defendant's trial commenced on April 17, 1995. On August 29, 1995, the jury found the Defendant guilty as to Counts 3, 25, 29, 32-36 and 40-42. No verdict was returned on Counts 1 and 2. Doc 1038.

Thereafter, the United States Probation Department prepared a presentencing Report ("PSR"). The PSR attributed approximately 1,476 kilograms of cocaine to the defendant pursuant to **U.S.S.G. § 2D1.1(a)(3)**. See PSR at ¶125. The PSR also attributed a two-level enhancement for possessing a firearm during the course of the conspiracy. See PSR at ¶126. This enhancement was attributed despite the fact that the Defendant was convicted for violating **§ 924(c)**.

On December 19, 1995, a sentencing hearing was held in this case. The Def-

endant objected to the drug quantity and the firearm enhancement. The court made the following factual findings in response to Defendant's objections:

> **THE COURT:** All right. Let me rule on the objections. The first objection by the Defendant was an objection based upon the quantity of cocaine under United States Sentencing Guidelines 2D1.1. And I think the case law is clear that it is not actually what was unloaded, but what the Defendant perceived was cocaine. And it really makes no difference in the guidelines anyway, because even if I take into consideration all of the actual cocaine in all of the offloads and transports Mr. Harrison participated in, we would still reach a level of 38.
>
> So I'm going to overrule that objection.
>
> The second objection has to do with a firearm enhancement, and the probation officer's assessment that a two-level upward adjustment is appropriate because of the firearm, the carrying of a firearm by Mr. Harrison on two occasions.
>
> And it is appropriate, and I agree. I'm going to overrule that objection.

The Defendant asserts that where there were no "Specific" drug findings made at the original sentencing hearing, the district court is authorized in § 3582(c)(2) proceedings to make further findings. **United States v. Hamilton, 715 F.3d 328, 340 (11th Cir. 2013); United States v. Guyton, 550 Fed. Appx. 796, 799-800 (11th Cir. 2013).**

The Defendant now brings the instant action.

## ARGUMENT

Effective November 1, 2000, Amendment 599 was expanded to § 2D1.1(b)(1) which covered violations of **Title 18 U.S.C. § 924(c)**. Amendment 599 made clear that "[i]f a sentence under [U.S.S.G. § 2D1.1] is imposed in conjunction with a sentence for an underlying offense", the sentencing judge may not also "apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. <u>Unites States v. Brown</u>, 332 F.3.d 1341, 1344-45 (11th Cir. 2003); <u>United States v. Hunt</u>, 2016 U.S. App LEXIS 16068 (11th Cir. 2016); see also U.S.S.G. Supp. App. C, Amend. 599, at 68 (2000).

Amendment 599 prevents judges from applying otherwise available firearms-related sentencing enhancements under the Guidelines where another of the charges of conviction and sentence is **18 U.S.C. § 924(c)**. The Amendment thereby guards against double counting the role of the firearm in the charged offenses. <u>United States v. Pringle</u>, 350 F.3d 1172, 1179-80 (11th Cir. 2003). Thus, because Amendment 599 is made retroactive through **U.S.S.G. § 1B1.10(c)**, this court has the authority to grant the requested relief.

Effective as of November 1, 2014, the United States Sentencing Commission has retroactively amended the Guideline as Follows:

§ 2D1.1(c)(1) Level 38, 450 KG, or more of Cocaine
    (2) Level 36, 150 KG, but less than 450 KG
    (3) Level 34, 50 KG, but less than 150 KG
    (4) Level 32, 15 KG, but less than 50 KG
    (5) Level 30, 5 KG, but less than 15 KG
    (6) Level 28, 3.5 KG, but less than 5 KG
    (7) Level 26, 2 KG but less than 3.5 KG

 (8) Level 24, 500 G, but less than 2 KG

 (9) Level 22, 400 G, but less than 500 G

 (10) Level 20, 300 G, but less than 400 G

 (11) Level 18, 200 G, but less than 300 G

 (12) Level 16, 100 G, but less than 200 G

 (13) Level 14, 50 G, but less than 100 G

 (14) Level less than 50 G

In this Circuit, where as in this case, the district court has failed to make specific factual findings of drug quantity at the original sentencing hearing or has found that such findings were not required. The court, in determining whether to reduce a Defendant's sentence pursuant to a retroactive guidelines amendment, "[w]ill need to examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue". **Hamilton**, 715 F.3d at 340.

The Eleventh Circuit has set forth certain considerations to accurately determine the drug quantity to determine § 3582(c)(2) eligibility:

> ...it may be that the district court determines that its drug quantity finding at the original sentence hearing went no further than "at least 1.5 kilograms." If so, that finding is not specific enough to support any conclusion about whether Amendment 750 lowered Hamilton's base offense level, because "at least 1.5 kilograms" is equally consistent with a finding of 8.4 kilograms or more and a finding of less than 8.4 kilograms. So if the district court finds that its original findings were limited to "at least 1.5 kilograms," the court will need to go further. It will need to examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue of whether 8.4 kilograms or more of crack cocaine should be attributed to Hamilton. **See, e.g., United States v. Moore**, 582 F.3d 641, 646 (6th Cir. 2009) (holding that where the original drug quantity determination is not specific enough for the district court to determine whether it has the Authority to reduce a defendant's sentence under § 3582(c)(2), that court may make new findings of fact that are supported by the record and are not inconsistent with the findings made in the original sentencing proceedings); **United States v. Hall**, 600 F.3d 872

876 (7th Cir. 2010)(same); **United States v. Anderson, 707 F.3d 973, 974-75 (8th Cir. 2013)**(same). The district court may receive additional briefing but should not consider any new evidence. **United States v. Hamilton, 340 (11th Cir. 2013)**. In **United States v. Guyton, 550 F. App'x 796 (11th Cir. 2013)(Guyton I)**, the Eleventh Circuit remanded based on **Hamilton** because the sentencing judge had made an "unequivocal finding" that **Guyton** was responsible for only "in excess of 1.5 kilograms" while noting that he dealt "far beyond" 1.5 kilograms, "perhaps as many as 120 or 288 kilograms."The sentencing judge went no further findings with regard to this larger amount because it was not necessary at the time, and did not adopt the contested paragraph in the Presentence Report that contained the 120 to 288 kilogram quantity reference. In the written judgment, the sentencing judge adopted the Presentence Report factual findings but excluded the one contested paragraph. The § 3582(c)(2) judge denied a motion to alter **Guyton's** guideline range under **Amendment 750** because the Presentence Report reflected 120 to 288 kilograms of crack cocaine. The Eleventh Circuit found it was in error for the § 3582(c)(2) judge to rely on the 120 to 288 kilograms of cocaine as attributable to **Guyton** in denying § 3582(c)(2) relief "[b]ecause the sentencing court left open the possibility that **Guyton** was responsible for as much as 120 to 288 kilograms of crack cocaine. "**Guyton I, 550 F. App'x at 799-800.**

Here, the district court determined that a "spefic" finding was unnecessary, because the court would not find the Defendant responsible for a quantity of cocaine less than an amount triggering a level 38 [i.e., 150 kilograms of cocaine]. In doing so , the court stated as follows:

> **THE COURT:**...And it really makes no difference in the guidelines anyway, because even if I take into consideration all of the actual cocaine in all the offloads and transports Mr. Harrison participated in, we would still reach a level of 38.

Thus, because there is nothing in the record that the district court would not find the Defendant responsible for at least 450 kilograms of cocaine. This Court now has authority under **Hamilton** and **Guyton** to make further findings to resolve the drug quantity issue in the case.

Defendant avers that this Honorable Court has Jurisdiction and authority to modify his imprisonment imposed herein, pursuant to **Title 18 U.S.C. § 3582(c)(2)**, which provides:

> [i]n this case of a defendant who has been sentenced to a term
> of imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to **28 U.S.C.
> § 994(o)**, upon motion of the defendant or the Director of the
> Bureau of Prison, or on its own motion, the Court, may reduce the
> term of imprisonment after considering the factors set forth in
> **Section § 3553(a)** to the extent that they are applicable, if such
> a reduction is consistent with applicable policy statements issued
> by the Sentencing Commission.

Additionally, **§ 1B1.10** of the Federal Sentencing Guidelines Manual, captioned **"Retroactively of Amended Guideline Range (Policy Statement) is compatible with Title 18 U.S.C. § 3582(c)(2)."** The Defendant qualifies as to three modification of his sentence and would have been qualified if said provisions had been in effect at the time he was sentenced. Under **§ 1B1.10(b)** of the Sentencing Guidelines, it is provided that:

> In determining whether a reduction in sentence is warranted for a
> defendant eligible for consideration Under **18 U.S.C. § 3582(c)(2)**,
> the Court should consider the sentence that it would have original-
> ly imposed had the guidelines, as amended, been in effect a the time.

The defendant further avers that additional consideration of the fact that Defendant has rehabilitated himself as to enter society upon his release as a fit and proper person to pursue a useful and constructive life, for himself, his family and community, is demonstrated from as the self rehabilitation petitioner has accomplished throughout incarceration. **See Exhibit "A" attached.**

### ELIGIBILITY OF AMENDMENT 782 TO THIS CASE

The Defendant respectfully asserts that following **Amendment 782** the respective base offense level for less than 450 kilograms of cocaine is reduced from level 38 to 36.

Therefore, because the facts above demonstrate that the Defendant is an individual that has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission

pursuant to § 28 U.S.C. § 994(o). This Honorable Court now has the authority in the case under **18 U.S.C. § 3582(c)(2)** to reduce Defendant's term of imprisonment pursuant to **Amendment** 782 after considering the factors set forth in **Section § 3553(a)** as they are applicable in this case.

## RECALCULATIONS OF DEFENDANT'S SENTENCE

Because the base offense level is subject to being reduced pursuant to **Amendment** 599 and 782 of the U.S.S.G. this court now has the authority to consider the instant motion, and the resentencing process should take place in a two part analysis. **United States v. Vauiter, 144 F. 3d 756, 760 (11th Cir. 1998); United States v. Eggrerdorf, 126 F.3d 1318, 1326 (11th Cir. 1997).** In the first part of the analysis, this court recalculates the sentence under the amended guideline range for the originally applied guideline range, and then using that new base offense level to determine what ultimate sentence it would have imposed. **Vauiter, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999)(citing U.S.S.G. § 1B1.10(b), comment n.2).**

The next step in the two-part analysis is, for the court to consider whether in it's discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This should be done after considering the factors listed in **18 U.S.C. § 3553(a)**. In carrying out step two in the two-part analysis, it ultimately requires the court to use in it's own discretion to determine the extent to what the sentence should be reduced. The Defendant prays that the two-part analysis is applied in this case.

## FACTORS POSED BY DEFENDANT FOR THIS COURT'S CONSIDERATION TO REDUCE HIS SENTENCE UPON REVIEW OF HIS MOTION PURSUANT TO § 3582(c)(2)
### § 3553(a)(1)(3)(4) AND (6) AND § 13661:

The overriding principle and basic mandate of § 3553(a) requires district court's to impose a sentnece "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in **Section § 3553(a)(2)**; Retribution, deterrence, incapacitation and rehabilitation. The sufficient-but-not-greater-than-necessary requirements is often referred to as the "Parsimony Provision." The Parsimony Provision, moreover, is complemented by a statutory limitation on imprisonment set out in **§ 3582**. In determining whether and to what extent imprisonment is appropriate base on **Section § 3553(a)** factors, the Judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." **Title 18 U.S.C. § 3582(a)**.

### (a). NATURE OF THE OFFENSE AND CHARACTERISTICS OF THE DEFENDANT:

The Defendant respectfully brings to the attention of this Court **Section § 3553(a)(1)**: Nature of offense and characteristics of the Defendant and asks that this Court dovetail it with **§ 3661**, which provides that **"no limitation shall be placed on the information concerning the background, character, and conduct of [the Defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Title 18 U.S.C. § 3661**. Taken together, these two statutory provisions certainly override the (now advisory) Sentencing Guidelines, **Section § 5H1.1 through 12**, which list as "not ordinarily relevant" to sentencing a variety of factors such as a defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence. See **United States v. Ranum,**

353 F.Supp. 2d 984, 985-986 E.D. Wisc. 2005)(holding that "[t]he guidelines prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirements that the court evaluate the 'history and characteristics' of the defendant...").

In considering this provision the court should also be mindful that the goals of punishment and deterrence must be balanced with rehabilitation and improvement of Defendant. See **Exhibit "A"** attached that shows the Defendant's rehabilitation. This factor is very critical in this case where the Defendant has made an "extraordinary transformation" in rehabilitating himself since the original sentencing in this case. See **Title 18 U.S.C. § 3553(a)(2)(D);** e.g., United States v. Carvajal, Case No. 04-cr-222 (AKH) LEXIS 3076, 2005 WL 476125, at 6 (S.D. N.Y. 2007). In Carvajal, the court noted:

> [R]ehabilitation cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind, for we are all created in the image of God. A judge should hesitate before sentencing so severely that he destroys all hope and takes away all possibility of useful life.

Simon v. United States, 361 F.Supp. 2d 34, 39 (E.D. N.Y. 2005)("it is doubtful whether a sentence of 324 to 405 months provides such hope"); Pepper v. United States, 131 S.Ct. 1229, 1236 (2011)(holding that under § 3553(a) the district court may consider post-sentence rehabilitative conduct at resentencing).

### (b). § 3553(a)(3), AND (4), THE KIND OF SENTENCES AVAILABLE AND GUIDELINE RANGE:

Since the original sentencing hearing held in this case there has been dramatic change in the landscape concerning the consideration sentencing rehabilitation. See **United States v. Lorenzo,** 471 F.3d 1219, 1221 (11th Cir. 2006)(holding that "post-sentence rehabilitative conduct is an impermissible

factor for the district court's consideration" at sentencing); but see <u>United States v. Smith</u> 638 F.2d 1351, 1352 (11th Cir. 2011)(abrogating <u>Lorenzo</u> and finding that <u>Pepper</u> permits a district court to consider post-sentence rehabilitative conduct).

In addition to the certificates attached here to the Defendant has maintained himself as a model prisoner and has strived to rehabilitate himself as he has performed the following:

Since the time of Defendant's incarceration the defendant has completed several rehabilitation programs. The defendant has also maintained steady employment.

### (c). § 3553(a)(6); THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANT WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT:

In imposing sentencing, district courts should avoid unwarranted sentence disparities among defendants with similar records and who have been found guilty of similar conduct and a court's failure to do so would cause such a sentence to be unreasonable. <u>United States v. Clark</u>, 434 F.3d 684, 686 (4th Cir. 2006) (finding unreasonable a sentence given "wholly without regard for whether the sentence thereby imposed would result in sentencing disparities").

### REQUEST FOR APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING

Defendant is painfully aware that every Circuit to have reached the issue in reference to appoint of counsel has held that there is no automatic right to counsel in a § 3582(c)(2) proceeding. See <u>United States v. Legree</u>, 205 F.3d 724, 730 (4th Cir. 2000); <u>United States v. Tidwell</u>; 178 F.3d 946, 949 (7th Cir. 1999); <u>United States v. Townsend</u>, 98 F.3d 510, 512-13 (9th Cir. 1996); <u>United</u>

States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995), where all stand for the proposition that, The Criminal Justice Act permits but does not require appointment of counsel in a § 3582(c)(20 resentencing. Noteworthy, all of the above cases were decided prior to Pepper, and at a time when court's were not authorized to consider post-sentencing rehabilitation under § 3553(a). However, the court now has a more broad range of discretion when determining the actual sentence to impose when considering factors that have taken place after the original sentencing hearing when close assistance of counsel was obligated under the Sixth Amendment of the United States Constitution. According to the Commission, when determining whether a reduction, the Court "shall consider" the § 3553(a) factors, "shall consider" the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment "and" may consider post-sentence conduct of a defendant that occurred after imposition of the original term of imprisonment. See amended § 1B1.10 comment (n.1(B)(i)-(iii). Thus, even if this Court decides to strictly follow the Commission's policy statement, it must make three separate factual determinations in addition to the ones made at the initial sentencing. In any situation where new facts have to be marshalled and new arguments have to be made in aid of the Court's sentencing decision, the Sixth Amendment requires the assistance of counsel. See Mempa v. Rhay, 389 U.S. 128 (1967).

In Mempa, the Supreme Court held that the right to counsel attaches to any stage of a criminal proceeding where substantial rights of the defendant may be affected, including probation revocation hearing. In so holding, the Court rejected the State's argument that Washington's probation revocation hearing was not a "sentencing" at which the right to counsel should attach. The State argued that because the imposition of sentence following revocation

was "a mere formality" at which the Court exercised very little discretion under the state statute, counsel was constitutionally unnecessary. See **Id. at 135.** The Court acknowledged that the State statute required the judge to impose the maximum sentence for the offense of which he was convicted, so the judge had no discretion as to sentence imposed. However, the judge and the prosecutor were to recommend to the Parole Board the lenght of the sentence to be served, along with information about the circumstances of the offense and the character of the defendant. **"Obviously to the extent such recommendations are influential in determining the resulting sentencing, the necessity for the aid of counsel in marshalling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent."**

It is not the assertion of Defendant that after **Pepper** and amended § 1B1.10, **Mempa**, requires counsel to be appointed under this § 3582(c0(20 resentencing.

## CONCLUSION

**WHEREFORE,** Defendant respectfully prays that the **18 U.S.C. § 3582 (c)(2)** motion be **GRANTED**, the sentence reduced, and that an evideniary hearing be held, or granted any other relief as is deemed just and proper, if any there be at law.

Respectfully Submitted,

3-28-17
Executed On

*Bruce W Harrison*
Bruce Harrison
Reg. No. 18373-018
FCC-Coleman-Medium
P.O. Box 1032
Coleman, Florida
33521-1032

## CERTIFICATE OF SERVICE

I, **Bruce Harrison**, majority, CERTIFY, that a true and correct copy of the foregoing has been furnished, via United States Postal Service, this 28 day of March, 2017, to:

Office of the AUSA
400 N. Tampa Street
Suite 3200
Tampa, Florida
33602

Respectfully Submitted,

Executed On

Bruce Harrison
Reg. No. 18373-018
FCC-Coleman-Medium
P.O. Box 1032
Coleman, Florida
33521-1032

**A T T  A**

```
  COMC9           *        INMATE EDUCATION DATA         *     03-28-2017
PAGE 001          *              TRANSCRIPT              *     09:14:41

REGISTER NO: 18373-018    NAME..: HARRISON              FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: COM-COLEMAN MED FCI

-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                START DATE/TIME STOP DATE/TIME
COM  ESL HAS    ENGLISH PROFICIENT         01-30-1996 1715 CURRENT
COM  GED EARNED GED EARNED IN BOP          10-09-1998 0954 CURRENT

--------------------------- EDUCATION COURSES -----------------------------
SUB-FACL    DESCRIPTION                   START DATE  STOP DATE  EVNT AC LV  HRS
COM         PATHWAY TO EMPLOYMENT         10-15-2015  05-19-2016  P   C  P    10
COM         VA ACCESS UPON RELEASE        11-15-2015  11-17-2015  P   C  P     2
COM         DRIVERS LICENSE COURSE        11-05-2014  11-05-2014  P   C  P     4
COM         BEGINNING GUITAR              12-07-2015  01-19-2016  P   C  P    16
COM         TYPING VT PM CLASS            08-14-2015  10-02-2015  P   C  P   100
COM         INTERMEDIATE GUITAR           07-06-2015  08-24-2015  P   C  P    16
CCM         ACE REMODELING                03-25-2015  06-30-2015  P   C  P    24
CCM         BEGINNING GUITAR              04-05-2015  05-18-2015  P   C  P    16
CCM         INTERMEDIATE JUMP ROPE        04-04-2015  06-04-2015  P   C  P     4
COM         INTERMEDIATE CORE TRAIN CLASS 10-06-2014  01-20-2015  P   C  P     4
COM         DRIVERS LICENSE COURSE        11-14-2014  11-14-2014  P   C  P     1
COM         INTERMEDIATE SENIOR FIT CLASS 08-06-2014  10-06-2014  P   C  P     4
COM         ADVANCED LEATHER CLASS        01-09-2012  03-05-2012  P   C  P    16
COM         INTERMEDIATE LEATHER CLASS    10-31-2011  12-19-2011  P   C  P    16
COM         MUSIC THEORY CLASS            01-22-2011  03-28-2011  P   C  P    16
COM         ACE BEG SPANISH               07-01-2010  09-30-2010  P   C  P    24
COM         MUSIC THEORY CLASS            06-01-2010  08-16-2010  P   C  P    16
COM         CREATIVE WRITING ACE-PM EDUC  04-08-2010  06-30-2010  P   C  P    24
COM         ADVANCED GUITAR               10-26-2009  12-26-2009  P   C  P    16
COM         INTERMEDIATE GUITAR           08-17-2009  10-12-2009  P   C  P    16
COM         BEGINNING GUITAR              05-11-2009  06-29-2009  P   C  P    16
COM         #1 DISEASE PREVENTION         01-15-2008  01-15-2008  P   C  P     1
COM         ELECTRONIC LAW LIB TRAINING   01-31-2006  01-31-2006  P   C  P     2
COM         INT PILATES TU/THR 9-10AM     05-14-2005  08-09-2005  P   C  P    20
COM         ARTS&CRAFT PGM ENROL WED 8-10A 05-10-2005 06-01-2005  P   C  P     8
MIA         BEGIN SPANISH MON & WED 2-3:30 08-01-2004 12-09-2004  P   C  P    60
MIA         COREL WORDPERFECT 8           09-21-2004  11-15-2004  P   C  E   120
MIA         TYPING D-TUE&THU-12:30P-3:30P 03-20-2003  06-29-2004  P   C  E     0
MIA         PHYSICAL FITNESS              12-11-2003  02-03-2004  P   C  P    15
MIA         BASIC HEALTH CONCEPTS         12-11-2003  02-03-2004  P   C  P    15
MIA         BUSINESS MATH                 01-27-2003  03-10-2003  P   C  E   120
PHX         WELLNESS MON/WED/FRI 930-1130 10-07-2002  12-09-2002  P   C  P    50
PHX         BASIC SPANISH EVENING         11-20-2001  02-19-2002  P   C  P    50
PHX         RPP/HLTH - AIDS AWARENESS     03-27-2001  03-27-2001  P   C  P     1
LOM         ADULTS IN TRANSITION          09-26-2000  09-26-2000  P   C  P     1
LOM         HOBBYSHOP INSTRUCTIONS        03-13-1999  05-21-2000  P   C  P    60
LOM         RPP LIVING FREE               03-14-2000  05-09-2000  P   C  P     1
LOM         VT BUSINESS COMPUTER AM       01-08-1999  03-05-1999  P   C  M   250
LOM         GED PM 1:00- 3:00 BROWN       08-31-1996  10-09-1998  P   C  P   960


  G0002         MORE PAGES TO FOLLOW . . .
```