UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                         CASE NO. 8:94-cr-220-T-24MAP

BRUCE WAYNE HARRISON

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER USSG AMENDMENT 599**

The United States files this response to the Defendant's Motion For Sentence Reduction Under USSG Amendment 599 (Doc. 3027) and this Honorable Court's Order (Doc. 3030).

    1.    The defendant filed a motion (Doc. 3027) seeking a sentence reduction under Amendment 599 of the USSG and 18 U.S.C. § 3582(c)(2). Amendment 599 was in effect from November 1, 2000 until November 1, 2011. The defendant cites equity jurisdiction as the basis for this Honorable Court granting a two level reduction under a prior version on USSG § 1B1.10 when Amendment 599 was in effect. *Hecht Co. v. Bowles,* 321 U.S. 321, 329 (1944). For the reasons set forth below, the United States respectfully submits the motion should be denied.

    2.    The defendant filed the instant motion, Document 3027, on December 4, 2017, over six years after Amendment 759 went into effect, replacing Amendment 599, and revised USSG § 1B1.10(b)(2). As the

defendant recognizes, the current version of § 1B1.10(b)(2) would not allow the requested relief. The defendant further recognizes that the Eleventh Circuit has held that Amendment 759 does not violate the *ex post facto* clause of the United States Constitution. *United States v. Colon,* 707 F.3d 1255 (11th Cir. 2013); *United States v. Cano,* 679 Fed. Appx. 928 (11th Cir. 2017).

      3.    The defendant argues that despite the fact that the Amendment 599 version of § 1B1.10(b)(2) is no longer in effect, equity calls for a two level reduction. The authority cited by the defendant, *Hecht v. Bowles*, 321 U.S. 321 (1944), has never been applied in the Eleventh Circuit. Moreover, Congress "made § 1B1.10 binding on courts by providing that a sentence may be reduced in a § 3582(c)(2) proceeding only where doing so is consistent with the Commission's policy statement." *United States v. Colon*, 707 F.3d @ 1262. Here, the policy statement in effect at the time of the defendant's motion, Amendment 759, mandates that the motion be denied.

ACCORDINGLY, based upon the aforementioned, the United States respectfully requests the defendant's motion be denied.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:     */s/ Joseph K. Ruddy*
Joseph K. Ruddy
Assistant United States Attorney
Chief, Panama Express Strike Force
United States Attorney No. 037
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6125
Email:  joseph.ruddy@usdoj.gov

U.S. v. Harrison                                             Case No. 8:94-cr-220-T-24MAP

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

*/s/ Joseph K. Ruddy*
Joseph K. Ruddy
Assistant United States Attorney
Chief, Panama Express Strike Force
United States Attorney No. 037
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6125
Email:  joseph.ruddy@usdoj.gov

4

*\\usa.doj.gov\cloud\FLM\Tampa\Archive\Cases\Criminal Cases\B\Beasley, Gary_1992R73197_JKR\P_resp toMoReduction Harrison.docx*