UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                              CASE NO:  8:94-CR-220-T-24MAP

BRUCE WAYNE HARRISON
                                          /

**O R D E R**

**THIS CAUSE** comes before this Court on Defendant's pro-se Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2) based on USSG Amendments 599 and 782, made retroactive per USSG § 1B1.10. (Dkt. 3009 filed April 3, 2017). The Federal Public Defender's Office was appointed to represent Defendant. Later the Federal Public Defender filed a Motion for Sentence Reduction under USSG Amendment 599 (Dkt. 3027 filed December 4, 2017). The Government filed a response in opposition (Dkt. 3031)

Defendant was sentenced on December 19, 1995 on one count of conspiracy with intent to distribute cocaine, methamphetamine and marijuana, five counts of possession with intent to distribute cocaine, three counts of possession with intent to distribute marijuana, and two counts of use of a firearm in relation to a drug trafficking crime. He was sentenced to a term of imprisonment of 292 months as to the drug counts and a consecutive sentence of twenty-five years on the gun counts. The sentence of 292 months was the result of a four level downward departure from a Guidelines sentencing range of life based on the Court's determination that the case was outside the heartland of cases.

Amendment 782

On May 5, 2017, the probation office filed a memorandum/retroactive 2014 drug guidelines amendment assessment stating that Defendant was not eligible for a sentence reduction because the drug quantity table remains at a level 38 under 18 U.S.C. § 3582(c)(2) and Amendment 782 because the drug quantity he was held accountable for at sentencing exceeded the eligibility threshold. At sentencing, Defendant was held accountable for 296,651.5 kilograms of marijuana equivalent. His base offense level was a 38. After Amendment 782 under USSG § 2D1.1, possession of 90,000 kilograms or more of marijuana is still a level 38. As a result, the amendment does not have the effect of lowering Defendant's base offense level or his USSG range.

**Therefore** Defendant's motion to the extent it is based on Amendment 782 is **DENIED**.

Amendment 599

Defendant was sentenced on December 19, 1995. He received a consecutive 25 year sentence as to the firearm counts, and in addition, he received a two level enhancement pursuant to USSG § 2D1.1(b)(1) for possessing a firearm during the drug offenses. Amendment 599 of the USSG, which was in effect from November 1, 2000 to November 1, 2011, provided in relevant part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of a firearm when determining the sentence for the underlying offense.

Under USSG Amendment 599, Defendant would not receive the two level enhancement pursuant to USSG § 2D1.1(b)(1) for possessing a firearm during a drug offense.

However, in November 2011, Amendment 759 of the USSG went into effect. It revised USSG § 1B1.10 by limiting a court's discretion to lower a defendant's sentence below the term of imprisonment imposed if that term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. In Defendant's case, the Court departed downward at sentencing from a level 44 to a level 40. Therefore, as a result of Amendment 759 to the USSG, Defendant is no longer entitled to any relief.

Defendant's counsel, understanding that Defendant is not legally entitled to any relief, asks the Court to exercise its equitable powers to grant Defendant a two-level reduction afforded him under Amendment 599 by applying the version of USSG § 1B1.10 in effect from November 2000 to November 1, 2011. However USSG § 1B1.10 is binding on the courts, and it does not allow for the reduction. **Therefore** the motion for sentence reduction under Amendment 599 of the USSG is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on the 21st day of February, 2018.

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record
U.S. Probation
Defendant Bruce Wayne Harrison