[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10852
Non-Argument Calendar
_____

D.C. Docket No. 8:94-cr-00220-SCB-MAP-5

UNITED STATES OF AMERICA,

                  Plaintiff-Appellee,

versus

BRUCE WAYNE HARRISON,
a.k.a. Hopper,
a.k.a. Grasshopper,
a.k.a. Loose Bruce,

                  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 1, 2018)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Bruce Harrison appeals the denial of his motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). Harrison sought to reduce his sentence based on Amendment 599 to the Sentencing Guidelines and the operative policy statement on the effective date of the Amendment, United States Sentencing Guidelines Manual § 1B1.10 (Nov. 2000). The district court ruled that it was bound to apply the current policy statement, *id.* § 1B1.10 (Nov. 2011), which "d[id] not allow for [Harrison's requested] reduction." We affirm.

In 2017, Harrison moved to reduce the sentence of 292 months of imprisonment he had received in 1995 for one count of conspiring to possess with intent to distribute illegal drugs, 21 U.S.C. § 846, five counts of possessing with intent to distribute cocaine, *id.* § 841(a)(1), three counts of possessing with intent to distribute marijuana, *id.*, and two counts of using a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c). The presentence investigation report calculated a total offense level of 44, which included a two-level increase for his possession of a firearm during his drug crimes, U.S.S.G. § 2D1.1(b)(1), and a criminal history of II. At sentencing, the district court found that Harrison had a criminal history of I and varied downward four levels before imposing sentence.

Harrison sought a reduction based on Amendment 599, which barred a defendant convicted of using a firearm during and in relation to a drug trafficking crime from receiving an enhancement of his base offense level for the underlying

offense based on his use of a firearm. U.S.S.G. App. C, Amend. 599; *see also United States v. Brown*, 332 F.3d 1341, 1344–45 (11th Cir. 2003). Harrison acknowledged that he could not obtain relief based on Amendment 599 under the current policy statement, U.S.S.G. § 1B1.10 (2011), and argued that the district court had inherent equitable power to award a reduction by giving effect to the previous version of the policy statement, *id.* § 1B1.10 (2000). The 2000 version of Section 1B1.10 provided that the district court "[i]n determining whether, and to what extent [to grant] a reduction . . . should consider the term of imprisonment that it would have imposed had the amendment . . . been in effect at the time the defendant was sentenced, except that . . . the reduced term of imprisonment [could not] be less than" the total time he already had served. *Id.* Its third application note stated, "When the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate . . . ." *Id.* § 1B1.10 cmt. n.3.

The district court denied Harrison's motion. The district court acknowledged that, "[u]nder USSG Amendment 599, [Harrison] would not receive the two level enhancement pursuant to USSG § 2D1.1(b)(1) for possessing a firearm during a drug offense." Nevertheless, the district court ruled that Harrison was ineligible for a reduction under "Amendment 759 of the USSG" that became effective "in November 2011" and prohibited a court from "lower[ing] a defendant's sentence

3

. . . if that term of imprisonment was less than the term of imprisonment provided" under the amended guideline range.

"We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2)." *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013) (quoting *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008)).

The district court correctly concluded that it lacked authority to reduce Harrison's sentence. A district court cannot modify a sentence except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c). "In a section 3582(c) proceeding, the Commission's policy statements are binding," *United States v. Maiello*, 805 F.3d 992, 998 (11th Cir. 2015), along with their commentary, *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1336 (11th Cir. 2017) (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993)). Because the commentary to Section 1B1.10 instructs that "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)," U.S.S.G. § 1B1.10 cmt n.8, the district court could not give effect to the 2000 version of Section 1B1.10. Under the current version of Section 1B1.10(b)(2), "the court shall not reduce the defendant's term of imprisonment under [section] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," id. § 1B1.10(b)(2)(A), unless the

4

defendant received a sentence below the guidelines range "to reflect [his] substantial assistance to authorities," *id.* § 1B1.10(b)(2)(B). At sentencing, the district court departed downward from level 44 to level 40 for the stated reason that Harrison's case fell "outside the heartland of cases in that the government controlled the amount of drugs and the amount paid to the defendant for his participation." As Harrison concedes, because he received a sentence below the guideline range that would have applied under Amendment 599 and his downward departure was not based on his substantial assistance to authorities, the district court lacked authority to reduce Harrison's sentence under section 3582(c).

    We **AFFIRM** the denial of Harrison's motion to reduce his sentence.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 01, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-10852-CC
Case Style: USA v. Bruce Harrison
District Court Docket No: 8:94-cr-00220-SCB-MAP-5

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion