UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO:  8:94-CR-220-T-24MAP

BRUCE WAYNE HARRISON
_____/

**O R D E R**

Before this Court is Defendant's *pro se* Successive Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) and USSG Amendment 599  (Doc. 3038 filed  March 21, 2019). Defendant again asks the Court to reduce his sentence based on Amendment 599 to the Sentencing Guidelines, arguing that this Court and presumably the Eleventh Circuit Court of Appeals overlooked that the Constitution's Ex Post Facto Clause prohibits the use of the 2011 version of § 1B1.10 to alter the effect of the early amendment as it apples to the Defendant. Defendant's motion is really a motion for reconsideration and is due to be denied.

Defendant was sentenced on December 19, 1995 on one count of conspiracy with intent to distribute cocaine, methamphetamine and marijuana; five counts of possession with intent to distribute cocaine; three counts of possession with intent to distribute marijuana; and two counts of use of a firearm in relation to a drug trafficking crime. He was sentenced to a term of imprisonment of 292 months as to the drug counts and a consecutive sentence of twenty-five years on the gun counts. The sentence of 292 months was the result of a four level downward departure from a Guidelines sentencing range of life based on the Court's determination that the

case was outside the heartland of cases. On December 4, 2017, Defendant filed a motion for sentence reduction under USSG Amendment 599. (Doc. 3027). The Court denied the motion (Doc. 3032), and the Eleventh Circuit affirmed the denial of the motion (Doc. 3036). On June 3, 2019, the United States Supreme Court denied a petition for a writ of certiorari.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). The Court assumes Defendant is arguing that the Court committed clear error. However, Defendant's argument is without merit, and the Court declines to reconsider its previous order.

Accordingly, it is ORDERED AND ADJUDGED that the successive motion for sentence reduction under Amendment 599 USSG (Doc. 3038) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on the 6th day of September, 2019.

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record
Defendant Bruce Wayne Harrison