[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13737
Non-Argument Calendar
_____

D.C. Docket No. 8:94-cr-00220-SCB-MAP-5

UNITED STATES OF AMERICA,

                                                     Plaintiff-Appellee,

versus

BRUCE WAYNE HARRISON,
a.k.a. Hopper,
a.k.a. Grasshopper,
a.k.a. Loose Bruce,

                                                     Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2020)

Before WILLIAM PRYOR, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Bruce Wayne Harrison appeals *pro se* the denial of his second motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). Harrison received a below-guidelines sentence of 592 months of imprisonment following his convictions for one count of conspiring to possess with intent to distribute cocaine, methamphetamine, and marijuana, 21 U.S.C. § 846, eight counts of possessing cocaine and marijuana with intent to distribute, *id.* § 841(a)(1), and two counts of using a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c). After the district court denied Harrison's first motion to reduce based on Amendments 599 and 759 to the Sentencing Guidelines, and we affirmed, *United States v. Harrison*, 741 F. App'x 765 (11th Cir. 2018), Harrison filed a second motion in which he argued that Amendment 759 was an ex post facto law. We affirm.

Harrison's argument that the application of Amendment 759, which made him ineligible for relief under Amendment 599, violates the Ex Post Facto Clause is barred by the law of the case. Under that doctrine, a party is barred from relitigating an issue that a court necessarily or by implication decided against him in an earlier appeal. *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir.1996). Our earlier decision that Amendment 759 prevented the district court from further reducing the below-guidelines sentence that Harrison had received is the law of the

case. And that decision bars Harrison's argument that Amendment 759 operates as an ex post facto law. Harrison does not argue that an exception to the law of the case doctrine applies to him, which is unsurprising because his ex post facto argument is foreclosed by *United States v. Colon*, 707 F.3d 1255 (11th Cir. 2013).

We **AFFIRM** the denial of Harrison's second motion to reduce.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 14, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-13737-CC
Case Style: USA v. Bruce Harrison
District Court Docket No: 8:94-cr-00220-SCB-MAP-5

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion