UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 8:94-cr-220-T-24MAP

BRUCE WAYNE HARRISON

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE OR FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

The United States files this response to the defendant's Motion To Reduce Sentence Or For Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 3051) and the Order of this Honorable Court (Doc. 3052).

1.  The defendant filed the instant motion (Doc. 3051) seeking a either a reduction in sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the United States respectfully submits the motion should be denied.

2.  The defendant was sentenced by this Honorable Court on December 19, 1996, to a term of incarceration of 592 months. Doc. 1296. The defendant filed a direct appeal, and the Eleventh Circuit issued a mandate affirming the defendant's convictions and sentence on July 24, 1998.  Doc.

2497. Per the Bureau of Prison (BOP) website, the defendant is 68 years old, housed at Coleman Low FCI and has a Projected Release Date of October 12, 2036.

    3.    On April 13, 2020, the defendant filed the instant compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), recently revised pursuant to the First Step Act, alleging that he requested the prison warden at Coleman Low FCI file a compassionate release motion "more than 30 days ago". Under the revised version of 18 U.S.C. § 3582(c)(1)(A) the defendant's Motion is due to be denied, as the defendant has not made the necessary showing that he either exhausted all administrative remedies with the BOP or submitted a request for compassionate release and that the BOP has not responded within 30 days. Without documentary proof of either the defendant cannot proceed under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bolino,* No. 06-cr-0806, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020); *United States v. Eisenberg,* No. 16-cr-157-LM, 2020 WL 1808844, at *2 (D. New Hampshire April 9, 2020).

    4.    In addition, the defendant claims "extraordinary and compelling reasons" justify compassionate release, specifically that he suffers from "early-onset Alzheimer's, Parkinson's Disease and hypertension". Once again, the defendant's motion must fail as he has provided no proof that 1) he suffers from these medical conditions, or 2) that these unsubstantiated medical

conditions constitute a terminal illness, such as an end-stage organ disease, or substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover.  U.S.S.G. § 1B1.13, App. Note (1)(A).

5. The defendant bears the burden of establishing a basis for compassionate release. *United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013).  Here, the defendant offers nothing more than unsubstantiated claims of administrative exhaustion and medical conditions that would not, even if proven, qualify as extraordinary or compelling reasons for compassionate release under the Sentencing Guidelines.

6. The defendant also claims the potential for an outbreak of the COVID-19 coronavirus in the BOP facility at Coleman Low "presents a life-threatening risk to Mr. Harrison".  This generalized claim was addressed by the Third Circuit in *United States v. Raia,* 954 F.3d 594, 597 (3rd Cir. 2020):

> But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.  *See* generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

7. The BOP website, as of April 26, 2020, reported one inmate and no BOP personnel at Coleman FCI Low have been diagnosed with COVID-19 and no inmates or BOP personnel at Coleman Low FCI have died from the

3

COVID-19 coronavirus. Given the BOP population at Coleman Low FCI, the risk of COVID-19 infection at Coleman Low FCI appears statistically lower than in the general public.

 ACCORDINGLY, based upon the aforementioned, the United States respectfully requests the defendant's motion be denied.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney


By: */s/ Joseph K. Ruddy*
    Joseph K. Ruddy
    Assistant United States Attorney
    United States Attorney No. 037
    400 N. Tampa St., Ste. 3200
    Tampa, FL 33602-4798
    Telephone: (813) 274-6000
    Facsimile: (813) 274-6125
    Email: Joseph.Ruddy@usdoj.gov

U.S. v. Bruce Wayne Harrison    Case No. 8:94-cr-220-T-24MAP

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2020, the foregoing document was filed by ECF with the Clerk of the Court, and a true copy was furnished by United States Mail to the following:

  Bruce Wayne Harrison
  BOP Reg. No. 18378-018
  Coleman Low FCI  Unit A-2
  P.O. Box 1031
  Coleman, FL 33521-1031

      */s/ Joseph K. Ruddy*
      Joseph K. Ruddy
      Assistant United States Attorney
      United States Attorney No. 037
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6125
      Email: Joseph.Ruddy@usdoj.gov