**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  Case No.: 8:94-cr-220-T-24

BRUCE WAYNE HARRISON
_____/

**ORDER**

This cause comes before the Court on Defendant Bruce Wayne Harrison's *pro se* Motion to Reduce Sentence or for Compassionate Release. (Doc. 3051). The Government filed a response in opposition. (Doc. 3054). For the reasons stated below, the Motion is denied.

**I. Background**

On August 28, 1995, Bruce Wayne Harrison ("Harrison") was convicted after a jury trial of conspiracy to possess with the intent to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. § 846; five counts of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); three counts of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and two counts of use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 1038). On December 19, 1995, Harrison was sentenced to 592 months of imprisonment, followed by five years of supervised release. (Doc. 1296). Harrison filed a direct appeal, and the Eleventh Circuit affirmed the judgment of conviction and sentence on July 24, 1998. (Doc. 2497). According to the Bureau of Prisons' ("BOP") website, Harrison currently is 68 years old and is housed at FCI Coleman Low, with a projected release date of October 12, 2036.

Harrison now seeks either a reduction in sentence or compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). He claims "extraordinary and compelling reasons" justify

compassionate release, specifically that his health is declining because he suffers from early-onset Alzheimer's, Parkinson's disease and hypertension. (Doc. 3051, pp. 1, 4, 12). He adds that the potential for an outbreak of the COVID-19 coronavirus ("COVID-19") at FCI Coleman Low "presents a life-threatening risk" for him. (*Id.* at 4–12).[1] Additionally, he claims that he received an objectively unreasonable mandatory minimum sentence under a fundamentally flawed statutory scheme inasmuch as his punishment was three times greater than the sentence for persons sentenced for the same conduct today. (*Id.* at 8). He further claims that he should be released from prison because, having been incarcerated since 1998, the penological objectives of his imprisonment have been achieved, he has completed his rehabilitation, and he is no longer a risk to society. (*Id.* at 9-12).

The Government opposes the Motion, arguing that Harrison fails to provide any proof that he submitted his compassionate release request to the BOP prior to filing the Motion with the Court or demonstrating that he suffers from the medical conditions he describes in the Motion. (Doc. 3054, p. 2–3). The Government also argues that Harrison's generalized claim regarding the potential for an outbreak of COVID-19 at Coleman Low FCI does not amount to an extraordinary and compelling reason justifying his release. (*Id.* at 3).

**II. Discussion**

A court generally may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c). Section 603(b) of the First Step Act of 2018 ("FSA"), titled "Increasing the Use and Transparency of Compassionate Release," amended 18 U.S.C. § 3582(c)(1)(A) to allow

---

[1] On March 11, 2020, the World Health Organization declared COVID-19, also known as the new coronavirus, a pandemic. On March 13, 2020, the President of the United States officially declared the COVID-19 outbreak in the United States a national emergency.

courts to modify sentences not only upon motion of the Director of the BOP, but also "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"[2] Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)). Once that showing is made, a court may reduce a defendant's sentence if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable,[3] it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, . . .;[4]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*,

---

[2] Prior to the FSA, only the Director of the BOP could bring a motion for compassionate release under 18 U.S.C. § 3582(c).

[3] These include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

[4] This section is inapplicable because Harrison is 68 years old.

Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

Therefore, to prevail on his request, Harrison must demonstrate that: (1) he submitted a request for compassionate release to the BOP and either (a) the BOP denied the request and he exhausted all administrative rights with respect to that denial ("the exhaustion requirement"), or (b) the warden of his correctional facility took no action on his request within 30 days of its receipt ("the lapse requirement"); and (2) extraordinary and compelling reasons warrant a reduction in his sentence. After reviewing the parties' arguments, facts presented, and applicable law, the Court finds that Harrison fails to demonstrate either in the instant Motion.

### A. Exhaustion

Harrison does not contend that he submitted a request for compassionate release to the BOP, that the BOP denied it, and he exhausted all administrative rights with respect to that denial. Rather, construed liberally, Harrison contends that he submitted a request to the warden at Coleman Low FCI to file a compassionate release motion with the BOP and that no action has been taken within 30 days of the warden receipt of his request.[5] The Government counters that Harrison's Motion should be denied because he fails to provide any proof of the request for compassionate release that he submitted to the BOP. (Doc. 3054, p. 2).

The Court observes that Harrison did not file with his instant Motion a copy of the compassionate relief request that he submitted to the warden (or any documentation whatsoever in support of his Motion), nor does he provide the precise date on which he submitted his compassionate release request to the warden. For these reasons, the Court cannot determine

---

[5] Because Harrison is proceeding *pro se*, his arguments are construed liberally. *Henley v. Payne*, 945 F.3d 1320, 1327 (11th Cir. 2019) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

whether Harrison has satisfied the lapse requirement and he, therefore, cannot proceed under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bolino*, No. 06-cr-0806, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (denying motion for compassionate release without prejudice for failing to submit a sufficient record to show exhaustion of administrative remedies). Harrison's Motion must be denied for failure to exhaust his administrative remedies. *See United States v. Harris*, No. 2:17-cr-78-FtM-38NP, 2020 WL 1969951, at *1 (M.D. Fla. Apr. 24, 2020) (denying motion for compassionate release due to COVID-19 because defendant had not exhausted his administrative remedies); *United States v. Pope*, No. CR 216-024, 2020 WL 1956510, at *1 (S.D. Ga. Apr. 23, 2020) (concluding court did not have jurisdiction to decide motion for compassionate release because defendant failed to exhaust her administrative remedies); *United States v. Holden*, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020) (denying motion for compassionate release due to COVID-19 concerns where defendant failed to satisfy the exhaustion requirements of § 3582(c)(1)(A)); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1-2 (M.D. Fla. Mar. 27, 2020) (denying request for compassionate release based on COVID-19 pandemic because defendant failed to exhaust administrative remedies); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (concluding court lacked authority to consider defendant's emergency application for release due to COVID-19 where defendant had not exhausted his administrative remedies); *see also Raia*, 954 F.3d at 597 (concluding that failure to exhaust administrative remedies for request for compassionate release based on COVID-19 pandemic presented "a glaring roadblock foreclosing compassionate release at this point" and that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance").

### B. Extraordinary and Compelling Reasons

Even if Harrison had demonstrated he met the exhaustion or lapse requirement of § 3582(c)(1)(A), he fails to demonstrate "extraordinary and compelling reasons" warranting a reduction in sentence under § 3582(c)(1)(A)(i). Section § 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." *Id.* The Sentencing Commission's existing policy statement on compassionate release, adopted before the passage of the FSA, is U.S.S.G. § 1B1.13.[6] The application notes to § 1B1.13 identify four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D).

Construed liberally, Harrison asserts three grounds which he contends demonstrate extraordinary and compelling reasons to grant his request for compassionate release: (1) his declining health due to early-onset Alzheimer's, Parkinson's disease and hypertension and/or his increased risk of severe illness if exposed to COVID-19 due to the same; (2) his advanced age—68 years old---and the amount of time in his prison sentence that he has served thus far; and (3) his rehabilitative efforts while he has been incarcerated. The Government counters that Harrison's Motion must fail, under U.S.S.G. § 1B1.13, App. Note (1)(A), because he provides no

---

[6] The Sentencing Commission has not updated its policy statement since the FSA was enacted. Since then, courts are split on whether § 1B1.13 continues to control. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 350-52 (S.D. Tex. 2019), *with United States v. Ebbers*, __ F. Supp. 3d __, 2020 WL 91399, at *4 (S.D. N.Y. Jan. 8, 2020). At a minimum, however, courts have been guided by § 1B1.13's policy statement. *See, e.g., United States v. Willingham*, CR113-010, 2019 WL 6733028, at *1-2 (S.D. Ga. Dec. 10, 2019) (discussing whether the Sentencing Commission's policy statement remains an appropriate expression of policy in post-FSA compassionate release cases and addressing competing views as to whether the FSA granted courts discretion to consider what constitutes extraordinary circumstances outside of the Sentencing Commission's policy statement).

proof that his health conditions satisfy the requirements for compassionate release and because potential exposure to COVID-19 is not an extraordinary and compelling reason to grant release under any circumstances. (Doc. 3054, p. 2-3). While the Government acknowledges Harrison's concerns about exposure to COVID-19, it contends that the BOP has taken aggressive action to mitigate the effects of the coronavirus and has made extensive and professional efforts to curtail its spread. (*Id.* at 3). The Government adds that the risk of COVID-19 infection at Coleman Low FCI appears to be statistically lower than in the general public given that the BOP website reports one inmate (and no personnel) at that facility has tested positive for the virus and no inmates or personnel there have died from the virus. (*Id.* at 4).

On thorough review of the parties' arguments and documentary submissions, the Court finds that Harrison fails to demonstrate an extraordinary and compelling reason for compassionate release on the basis of his alleged health conditions and/or increased risk of severe illness if exposed to COVID-19 due to the same. Although Harrison does not allege that his stated reasons fall within any of the four categories set forth in the application notes to § 1B1.13, categories (1), (2) and (4) appear to be potentially relevant.[7]

The first category provides that an extraordinary and compelling reason exists when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Harrison, however, does not allege a terminal illness or that his alleged medical conditions diminish his ability to care for himself in prison. Nor does he submit medical or any other documentary evidence demonstrating that he

---

[7] Category (3) addresses family circumstances, which are not raised by Harrison, nor does he allege the death or incapacitation of the caregiver of his minor children or the incapacitation of his spouse. U.S.S.G. § 1B1.13, cmt. n. 1(C).

suffers from any of his described health conditions. As such, Harrison fails to demonstrate that his described health conditions constitute an extraordinary and compelling reason warranting relief. *See Hamilton*, 715 F.3d at 337 (defendant, as movant seeking relief under 18 U.S.C. § 3582(c)(2), bears burden of establishing entitlement to requested relief); *see also Heromin*, 2019 WL 2411311, at *2 (denying motion for compassionate release due to a lack of corroborating medical evidence); *United States v. Perez-Asencio*, No. 18CR3611-H, 2019 WL 626175, at *3 (S.D. Cal. Feb. 14, 2019) (dismissing inmate's request for compassionate release *sua sponte* because he provided no medical records or other documentation to establish extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and USSG §1B1.13); *United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D. N.C. Mar. 5, 2019) (same).

The second category provides that extraordinary and compelling reasons exist when the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served the lesser of 10 years or 75% of his term of imprisonment. U.S.S.G. § 1B1.13, cmt. n. 1(B). Although Harrison is 68 years old and has served more than 10 years of his prison sentence, he fails to provide the Court with any medical records or other documentation corroborating his alleged health conditions. Consequently, relief on this basis is not warranted. *See Hamilton*, 715 F.3d at 337; *Heromin*, 2019 WL 2411311, at *2; *Perez-Asencio,* 2019 WL 626175, at *3.

The fourth category provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). Assuming without deciding that the FSA grants courts discretion to consider what constitutes an extraordinary and compelling reason outside of the Sentencing Commission's

8

policy statement, the Court finds that Harrison similarly fails to demonstrate an extraordinary and compelling reason under this catch-all provision. Here, Harrison alleges a combination of his circumstances, *i.e.*, declining health due to age and early-onset Alzheimer's, Parkinson's disease and hypertension and concerns over possible exposure to COVID-19, constitutes an extraordinary and compelling reason. The Court disagrees. As addressed above, Harrison fails to demonstrate that his alleged health conditions constitute an extraordinary and compelling reason. Furthermore, general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13. *See Eberhart,* 2020 WL 1450745, at *2; *see also United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (finding defendant failed to show that concerns about the spread of COVID-19, without other factors to consider in his particular case, presented an extraordinary and compelling reason warranting his release from prison).[8] Moreover, Harrison does not make any particular showing that his individual conditions of confinement—as opposed to those conditions that inmates generally are subject to—justify relief. While Harrison alleges he suffers from early-onset Alzheimer's, Parkinson's disease and hypertension, he does not allege he has been unable to receive treatment at his facility, that there currently is more than one case of COVID-19 at his facility, or that the plan proposed by the BOP is inadequate to manage the

---

[8] The Court notes that a limited number of courts have granted compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on individual medical conditions that made the inmates particularly susceptible to COVID-19 where the inmates were near the end of their sentences. *See, e.g., United States v. Campagna*, No. 16 Cr. 78-01(LGS), 2020 WL 1489829, at *3 (S.D. N.Y. Mar. 27, 2020) (finding defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constituted an extraordinary and compelling reason to reduce his sentence by four months and the government did not oppose the reduction); *United States v. Jepsen*, No. 3:19-cv-73(VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020) (finding that the totality of the circumstances—defendant had less than eight weeks left to serve, he was immunocompromised and suffered from multiple chronic conditions that predisposed him to potentially lethal complications if he contracted COVID-19, and government consented to his release—constituted extraordinary and compelling reasons to grant request); *United States v. Colvin*, No. 3:19cr179(JBA), 2020 WL 1613943, at *4 (D. Conn. Apr. 2, 2020) (defendant had diabetes and high blood pressure and only eleven days remaining on her sentence).

pandemic within his facility should the need arise. On this record, Harrison fails to demonstrate that his health conditions coupled with the possibility of COVID-19 constitute an extraordinary and compelling reason under 18 U.S.C. § 2385(c)(1)(A) and U.S.S.G. § 1B1.13. *See Hamilton*, 715 F.3d at 337.

### III.    Conclusion

For the reasons stated above, Harrison's *pro se* Motion to Reduce Sentence or for Compassionate Release (Doc. 3051) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of May 2020.

_____
SUSAN C. BUCKLEW
United States District Judge

*Copies to:*
Bruce Wayne Harrison
Counsel of record