UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 8:94-cr-220-T-24

BRUCE WAYNE HARRISON

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

The United States files this response to the defendant's Motion For Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 3066) and the Order of this Honorable Court (Doc. 3067).

1.   The defendant filed the instant motion (Doc. 3066) seeking immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the United States respectfully submits the motion should be denied.

2.   The defendant was sentenced by this Honorable Court on December 19, 1996, to a term of incarceration of 592 months. Doc. 1296. The defendant filed a direct appeal, and the Eleventh Circuit issued a mandate affirming the defendant's convictions and sentence on July 24, 1998.  Doc. 2497.  Per the Bureau of Prison (BOP) website, the defendant is 69 years old,

housed at Coleman Low FCI and has a Projected Release Date of October 12, 2036.

3.	On April 13, 2020, the defendant filed a Motion To Reduce Sentence or Compassionate Release. Doc. 3051. On May 6, 2020, this Honorable Court denied the motion, finding that the defendant failed to demonstrate he exhausted his administrative remedies prior to filing the Motion and that he also failed to establish "extraordinary and compelling reasons" warrant a reduction in sentence for compassionate release. Doc. 3055 at 4. This Court specifically found that the defendant failed to establish that he suffered from Alzheirer's, Parkinson's disease and hypertension. Id. at 6.

4.	On February 1, 2021, the defendant filed the instant Compassionate Release Motion under 18 U.S.C. § 3582(c)(1)(A), asserting that on May 5, 2020, he submitted an informal resolution request for a reduction in sentence pursuant to compassionate release, requesting that he be resentenced due to a change in the law pursuant to the First Step Act, claiming such a change constitutes an "extraordinary and compelling circumstance". Doc. 3066 at 6; 3066-1 at 2-3. This request was denied on June 3, 2020, Doc. 3066-2 at 2, and the defendant filed a Request for Administrative Remedy on June 17, 2020. Doc. 3066-3 at 2-3. It appears this Request was denied by the

Warden, as the defendant filed an appeal of the Warden's response to the Regional Director on June 23, 2020. Doc. 3066-4 at 2-3. It appears this Appeal was denied as the defendant appealed that decision to the BOP General Counsel on August 15, 2020, Doc. 3066-5 at 2-3, and asserts he has not received a response. Doc. 3066 at 7. The defendant maintains he has exhausted his Administrative Remedies and is permitted to file the instant motion. Id.

    5.    Assuming exhaustion of Administrative Remedies, the defendant claims this Court can consider factors beyond those enumerated in U.S.S.G. § 1B1.13, citing *United States v. Brooker,* 976 F.3d 228 (2nd Cir. 2020) for the proposition that Application Note 1(D) empowers this Court to consider any factors not enumerated in § 1B1.13, specifically that the First Step Act's modification of § 924(c) "stacking" permits this Court to consider if compassionate release is warranted here. Id. at 8.

    6.    In addition, the defendant requests this Court to consider the disparity in the sentences of his co-defendants, along with the defendant's "age, excellent prison record, and rehabilitation." Id at 12,13.

**Failure to demonstrate exhaustion of Administrative Remedies**

7.      A court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Under the statute, as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

8.      Previously, only the BOP could file a motion for compassionate release. The First Step Act amended the provision to allow defendants to file such a motion as well. See First Step Act of 2018, 115 P.L. 391, § 603(b)(1). Before a defendant may file a motion, however, the defendant must have either (a) "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (b) 30 days must have lapsed since the receipt of such a request by the warden of the prison. 18 U.S.C. § 3582(c)(1)(A).  The failure to have exhausted administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3rd Cir. Apr. 2,

2020) (published) (per curiam) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); see also *United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); accord *United States v. Elgin*, Case No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); cf. *United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241); *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (same); *United States v. Alexander*, 609 F.3d 1250, 1260 (11th Cir. 2010) (same).

9. An inmate may appeal the Warden's compassionate-release denial through BOP's administrative remedies program. 28 C.F.R § 571.63(a). Here, the defendant has failed to document that he has exhausted his administrative remedies. The attached documents fail to establish that the General Counsel or Director of the BOP has denied an administrative appeal. *United States v. Dorsey*, 2020 WL 3977612, at 2 (E.D. Tenn. July 14, 2020) (denial by the warden is merely the first step in fully exhausting one's administrative rights. Indeed, only a denial by the General Counsel or the Director of the BOP constitutes 'a final administrative decision'); 28 C.F.R.

§ 571.63(b)-(c);*United States v. Read,* 2020 WL 3103983, *2 (M.D. Fla. June 11, 2020 (J. Chappell); *United States v. Raftopoulos*, 2020 WL 3064793, *3 (M.D. Fla. June 9, 2020 (J. Antoon); *United States v. Rodriguez-Begerano*, 2020 WL 3000737, *2 (M.D.Fla. June 4, 2020) (J. Covington); *United States v. Eyerman*, No.2:17-cr-134-FtM-29MRM, 2020 WL 2466189, at *3 (M.D. Fla. May 13, 2020); *United States v. Barberree*, Case No. 8:09-cr-266-T-33AEP (M.D. Fla.. August 12, 2020) (J. Covington) ("''there is no time limit placed upon the general counsel or the director of the BOP to respond." Doc. 179 at 4). Without documentation of the exhaustion of his administrative remedies, the defendant cannot seek relief from the District Court. *United States v. Bolino*, 2020 WL 32461, at *2 (E.D.N.Y. Jan. 2 2020) (defendant must provide sufficient documentation of his exhaustion of administrative remedies). Exhaustion of administrative remedies is mandatory and not waivable; failure to meet that burden is fatal to the defendant's motion. 18 U.S.C. § 3582(c)(1)(A); *United States v. Wojt*, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020) (courts in Middle District of Florida have "consistently held" that the administrative exhaustion requirement in § 3582(c)(1)(A) may not be waived despite the "unique circumstances of COVID-19"); *United States v. Rodriguez-Begerano*, 2020 WL 3000737, at 2 (M.D. Fla. June 4, 2020).

10. In addition, the defendant in his motion before the Court, advances additional factors not presented to the Warden, such as sentencing disparity, age, rehabilitation while incarcerated or excellent prison record. This also constitutes a failure to exhaust BOP administrative remedies, as it asserts circumstances never presented to the Warden. For these additional reasons, the instant Compassionate Release Motion fails to demonstrate exhaustion of administrative remedies and should be denied. 28 C.F.R. § 571.63(a); *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020)("the Court does not view the administrative exhaustion of an initial request for compassionate release as serving to discharge that requirement for subsequent requests based on different evidence and argument. Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first."); *United States v. Mogavero,* 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020)("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden. Indeed, 28 C.F.R. § 571.61,…requires the request to contain, 'at a minimum…the extraordinary or compelling circumstances that the inmate believes warrant consideration.' Mogavero's motion is based on cancer plus COVID-19 exposure risks- and not merely her cancer diagnosis- but this new calculus was

7

not presented to the warden. Mogavero has thus failed to properly exhaust the administrative process before submitting this motion, and thus deficiency alone justifies denying her motion."); *United States v. Morales*, No. 8:99-cr-447-T-24AAS, Doc. 293 at *4 ("the Defendant's request for compassionat release on the basis of COVID-19 is premature. Before the Court considers this request for compassionate release on that basis, Defendant must first present the request to the BOP and satisfy §3582(c)(1)(A)'s exhaustion or lapse requirement. The BOP should have the opportunity to act on the request in the first instance.")

**Failure to demonstrate extraordinary or compelling circumstances**

11.     The defendant claims sentencing disparity, his age, his ehabilitation while incarcerated or excellent prison record and that the First Step Act has modified 924(c) "stacking" constitutes extraordinary or compelling circumstances warranting his immediate release. Under *United States v. Brooker,* 976 F.3d 228 (2nd Cir. 2020), the defendant claims of these factors can be considered under the "other reasons" provision of Application Note 1(D) of § 1B1.13. Application Note 1(D), which allows "other reasons" to qualify for extraordinary and compelling circumstances, must be "determined by the Director of the Bureau of Prisons." U.S.S.G. 1B1.13, cmt. 1(D). As the Application Note clearly states, the Courts have no authority to

make this determination under cmt. 1(D). *United States v. Terry*, 2020 WL 4261398, at *3 (M. D. Fla. July 24, 2020) (The compassionate release statute further provides that any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission."); *United States v. Maiello*, 805 F.3d 992, 998 (11th Cir. 2015)("in a section 3582(c)(2) proceeding, the Commission's policy statements are binding and courts lack authority to disregard them."). Therefore, the Courts lack the authority to expand on the Sentencing Commission's definition of "extraordinary and compelling reason". *United States v. Winner*, 464 F. Supp. 3d1375, 1378 (S.D. Ga. 2020); *United States v. Nasirun*, Case No. 8:99-cr-367-T-27TBM, 2020 WL 686030 at *2 (M.D. Fla Feb. 11, 2020).

ACCORDINGLY, based upon the aforementioned, the United States respectfully requests the defendant's motion be denied.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:  /s/Joseph K. Ruddy
Joseph K. Ruddy
Assistant United States Attorney
United States Attorney No. 037
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
Email: Joseph.Ruddy@usdoj.gov

U.S. v. Bruce Wayne Harrison	Case No. 8:94-cr-220-T-24

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, the foregoing document was filed by ECF with the Clerk of the Court, to the following:

Counsel of Record

*/s/Joseph K. Ruddy*
Joseph K. Ruddy
Assistant United States Attorney
United States Attorney No. 037
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
Email: Joseph.Ruddy@usdoj.gov
