## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.: 8:94-cr-220-SCB-TGW

BRUCE WAYNE HARRISON

_____/

## O R D E R

Defendant Bruce Wayne Harrison, through counsel, has filed a second

Motion for Compassionate Release and supporting memorandum of law. (Doc.

3066). The Government has filed a response in opposition. (Doc. 3068). For the

reasons stated below, Harrison's Motion is denied.

## I. BACKGROUND

On March 31, 1995, a grand jury returned a 49-count Second Superseding

Indictment, charging members of the Outlaws Motorcycle Club, including

Defendant Bruce Wayne Harrison ("Harrison") with various RICO and drug

offenses. Sixteen defendants, including Harrison, went to trial on April 17, 1995.

On August 28, 1995, the jury convicted Harrison of conspiracy to possess with the

intent to distribute cocaine, methamphetamine, and marijuana, in violation of 21

U.S.C. § 846; five counts of possession with the intent to distribute cocaine, in

violation of 21 U.S.C. § 841(a)(1); three counts of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and two counts of use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 1038). On December 19, 1995, the Court sentenced  Harrison to 592 months of imprisonment, followed by five years of supervised release. (Doc. 1296). Harrison filed a direct appeal, and the Eleventh Circuit affirmed the judgment of conviction and sentence on July 24, 1998. (Doc. 2497). According to the Bureau of Prisons' ("BOP") website, Harrison currently is 69 years old and is housed at FCI Coleman Low, with a projected release date of October 12, 2036.

On May 6, 2020, the Court denied Harrison's first *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 3051) because he failed to demonstrate that: (1) he met the exhaustion or lapse requirement and (2) his asserted medical conditions—declining health due to advanced age (including early-onset Alzheimer's, Parkinson's disease and hypertension) in conjunction with the risks associated with contracting COVID-19—amounted to an extraordinary and compelling reason warranting his early release from prison. (Doc. 3055).

On January 12, 2021, Harrison, through counsel, filed the instant Motion wherein he seeks compassionate release not based on health concerns, but rather, on the basis that the combined circumstances of sentencing disparity, his age, his

rehabilitation while incarcerated/excellent prison record and that the First Step Act modified 18 U.S.C. § 924(c) "stacking" constitutes extraordinary and compelling reasons for his immediate release.

## II.  LEGAL FRAMEWORK

A court generally may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c). Section 603(b) of the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the BOP, but also "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)). Once that showing is made, a court may reduce a defendant's sentence if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, it finds that:

(i)    extraordinary and compelling reasons warrant such a reduction; or

(ii)    the defendant is at least 70 years of age, . . .;[1]

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] This section is inapplicable because Harrison is 69 years old.

18 U.S.C. § 3582(c)(1)(A). The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.  FINDINGS

### A. Exhaustion or Lapse

Harrison submitted a request for compassionate release to the warden at Coleman Low FCI , which was denied on June  3, 2020. (Doc. 3066 at 6; 3066-1 at 2-3; 3066-2 at 2). He then filed a Request for Administrative Remedy on June 17, 2020, which was apparently denied by the warden because Harrison then filed an appeal to the Regional Director. (Doc. 3066-3 at 2-3; 3066-4 at 2-3). It appears from BOP records that this appeal was also denied and Harrison then appealed that decision to the BOP General Counsel on August 15, 2020. (Doc. 3066-5 at 2-3). More than 30 days have now passed and Harrison has not received a response to that appeal. (Doc. 3066 at 7). Thus, it appears that Harrison meets the lapse requirement. Nonetheless, he must also demonstrate that there is an extraordinary

and compelling reason for his compassionate release even if he complies with the exhaustion or lapse requirement.

## B. Extraordinary and Compelling Circumstances

Section § 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." *Id.* In its existing policy statement on compassionate release, the Sentencing Commission states that, provided the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),[2] extraordinary and compelling reasons exist under any of the following circumstances:

---

[2] Courts consider the following when making this determination:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

(A)  Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).
(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  Age of the Defendant.--The defendant

(i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

---

18 U.S.C. § 3142(g).

U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D).[3]

Harrison asserts that his sentencing disparity in relation to the sentences of his co-defendants, his age, his rehabilitation while incarcerated (or excellent prison record) and that the First Step Act has modified 18 U.S.C. § 924(c) "stacking" constitutes extraordinary or compelling circumstances warranting his immediate release. He argues that in light of *United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020), these factors can be considered under the "other reasons" provision of Application Note 1(D) of § 1B1.13. Application Note 1(D), which allows "other reasons" to qualify for extraordinary and compelling circumstances, must be "determined by the Director of the Bureau of Prisons." U.S.S.G. 1B1.13, cmt. 1(D). However, the Application Note states that the courts have no authority to make this determination under cmt. 1(D). *United States v. Terry*, 2020 WL 4261398, at *3 (M. D. Fla. July 24, 2020) (The compassionate release statute further provides that any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission."); *United States v. Maiello*, 805 F.3d 992, 998 (11th Cir. 2015)("in a section 3582(c)(2) proceeding,

---

[3] In addition to an extraordinary and compelling circumstance, the policy statement also provides that a court may reduce a term of imprisonment if the defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned. U.S.S.G. § 1B1.13(1)(B). This provision is not applicable because Defendant is not at least 70 years old.

the Commission's policy statements are binding and courts lack authority to
disregard them.").

Harrison relies on a line of cases, all of which are from courts outside of the
Eleventh Circuit, that have interpreted the "catch-all" provision of U.S.S.G. §
1B1.13, cmt. n. 1(D) as expanding the discretion of courts to decide on their own
what constitutes an "extraordinary and compelling" reason for compassionate
release. (See id. at 6-7). Binding precedent for this Court, however, is only
Supreme Court law or the precedents of the Eleventh Circuit. *Murphy v. F.D.I.C.*,
208 F.3d 959, 965 (11th Cir. 2000). The Eleventh Circuit has held that USSG §
1B1.13 is an applicable policy statement that governs all motions under §
3582(c)(1)(A) and courts may not reduce a sentence under § 3582(c)(1)(A) unless
the reduction is consistent with § 1B1.13. *United States v. Bryant*, __ F. 3d __,
2021 WL 1827158, *1-2 (11th Cir. May 7, 2021).

Even assuming the Court has the authority to consider what circumstances
fall within the catch-all provision, the Court declines to find that the post-
sentencing (and post-appeal) developments in case law presented by Harrison
constitute an extraordinary and compelling reason warranting compassionate
release or a reduction in his sentence at this time. *See, e.g., United States v.
Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020) (rejecting argument that
"extraordinary and compelling reasons" include claims related to post-sentencing

developments in case law); *United States v. Rogers*, No. 5:12-cr-29-Oc-28PRL,

2020 WL 4597063, at *3 (M.D. Fla. Aug. 11, 2020) ("The basis for compassionate

release is based on individual circumstances and not a medium for mass reductions

of statutory penalties."); *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D. N.Y.

Feb. 24, 2020) (concluding that "it would be both improper and inconsistent with

the First Step Act to allow [defendant] to use 18 U.S.C. § 3582(c)(1)(A) as a

vehicle for claiming legal wrongs, instead of following the normal methods of a

direct appeal or a habeas petition.") (citation omitted).

Harrison further claims that he is rehabilitated as a basis for his

compassionate release. However, rehabilitation of a defendant alone shall not be

considered an extraordinary and compelling reason justifying a reduction in

sentence under § 3582(c)(1)(A)(i). 28 U.S.C. § 994(t); U.S.S.G. 1B1.13 comment

(n.3). As such, Harrison fails to identify any extraordinary and compelling reasons

to grant him relief under 18 U.S.C. § 3582(c)(1)(A) .

### C. 18 U.S.C. § 3553(a) Sentencing Factors

The Court has also considered the 18 U.S.C. § 3553(a) sentencing factors in

determining Harrison's request for a reduction in sentence and finds those factors

weigh strongly against granting the motion. Given the serious nature of, and the

circumstances surrounding, the drug and firearm offenses of which Harrison was

convicted as a member of the Outlaws Motorcycle Club, he poses a danger to the

community if released.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that:

Defendant Bruce Wayne Harrison's  Second Motion for Compassionate

Release or for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1(A) (Doc. 3066)

is  **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of May, 2021.

_____
SUSAN C. BUCKLEW
United States District Judge